OWEN MARTIN *vs.* WM. R. HAWTHORN, *et al.*

Opinion filed Nov. 6th, 1893.

**Lien for Threshing Grain—Notice—Action for Conversion—Evidence.**

> When a party claiming to have a thresher's lien under Ch. 88, Laws 1889, takes possession of the grain, and sells the same, and an action is brought against him by the owner of the grain for converting the same, it is incumbent upon the lien claimant to show at the trial not only that he filed a verified account in writing embodying, among other things, a description of the land upon which the grain was grown, but he must further prove that, as a matter of fact, the grain upon which the lien is claimed was grown upon the land described in the writing on file. Accordingly, *held*, where in such action the defendant (lien claimant) rested his defense without offering any testimony tending to show where the grain in question was grown, and the plaintiff testified that no grain was grown in the year in question upon the land described in the statement filed with the register of deeds, it was error in the trial court to deny plaintiff's motion to strike out all evidence in the case relating to the lien.

Appeal from District Court, Stutsman County; *Rose*, J.

Action for conversion by Owen Martin against William R. Hawthorn and others. Defendants had judgment for costs, and plaintiff appeals.

Reversed.

*S. L. Glaspell,* for appellant.

The defendants failed to make a good defense, in that they failed to show by evidence where the grain was grown. *Lavin* v. *Bradley*, 1 N. D. 291, (47 N. W. Rep. 384;) *Parker* v. *First Nat'l Bank*, 3 N. D. 87, (54 N. W. Rep. 313.)

*Fredrus Baldwin,* for respondents.

Argued that the lien statement described the land and when in evidence supplied the necessary proof to sustain the verdict.

WALLIN, J. This action is brought to recover the value of a quantity of wheat owned by the plaintiff, which the defendants seized and sold in attempting to foreclose an alleged thresher's lien in favor of the defendant Hawthorn. The only question presented upon the record is whether or not the alleged lien was

valid under Ch. 88, Laws 1889. We think the lien proceedings were fatally defective, and that the judgment must therefore be reversed. The statute under which defendants attempted to justify their seizure of the grain, while incomplete and incongruous in many of its provisions, yet imperatively requires, as we construe it, that the party seeking to perfect a lien upon grain threshed by him to file with the register of deeds a written and verified statement embracing certain features enumerated in the statute, among which is a description of the land upon which the grain was grown. In *Parker* v. *Bank*, 54 N. W. 313, this court had occasion to consider this feature of the statute, and in its opinion the following language was used: "Yet the statute is peremptory in requiring the statement to contain a description of the land on which the grain was grown, in order to entitle a party to the lien given by the statute." We still think that the benefits of the lien cannot be realized in any case without a substantial compliance with that feature of the law which positively requires the filing of a statement. In the case under consideration the thresher (Hawthorn) filed a statement which was regular on its face, and which embraced a description of certain land, viz: W. ½ section 28, township 144, range 65; and the statement further declared that the grain in question was grown upon such land. But the filing of a statement regular upon its face does not alone suffice to secure the benefits of the lien in a contested case. It was necessary to show at the trial that the grain threshed was in fact grown upon the land described in the statement on file. The only evidence offered by defendants to establish this vital fact came from the defendant Hawthorn, who testified as follows: The defendant William R. Hawthorne testifies that he went upon the west-half of (W. ½) of section 28, township 144 north, of range 65 west of 5th P. M., in Stutsman County, N. D., to thresh, and threshed the grain of plaintiff thereon." This evidence, not being contradicted, certainly showed that defendants threshed grain for the plaintiff upon the land described in the account on file. This evidence was, however, wholly irrelevant to any issue

in the case. As a matter of fact there was no statement contained in the account on file touching the locality or place where the defendant did the threshing; nor does the law require any statement in writing to be made, or any proof made as to the place where the work of the threshing is performed. This requirement of the statute has reference only to the tract upon which the grain in question is grown. The defendants having rested their case upon the testimony above set out, "the plaintiff testified that he raised no grain on the land described during the year 1890, and had no grain threshed on such land during the year 1890." It will be noted that the plaintiff's testimony, as above recited, is in conflict to that given by the defendant Hawthorn as to where the threshing was done; but as has been seen, the place of doing the work is not all relevant to any issue in the case. The testimony of the plaintiff stands alone, and is not sought to be rebutted upon the material matter of where the grain was grown. The plaintiff swore positively that he "raised no grain on the land described." Plaintiff's testimony, standing alone, as it does, conclusively shows that the statement made in the account filed as to the tract of land upon which the grain in question was grown was erroneous and untrue in fact; in other words, the defendant signally failed to prove a fact which is essential to be proven in all cases arising under the statute. Both sides having rested the case upon this testimony, plaintiff moved in the court below to strike out all evidence relating to the lien as immaterial and incompetent, "because no grain was raised on the land described in the lien." This motion was overruled, and plaintiff preserved an exception to the ruling. We are clear that the ruling was erroneous. The evidence should have been striken out, and the refusal to do so was error to plaintiff's prejudice. It will be unnecessary to consider other assignments of error found in the record. A new trial will be ordered. All concur.