## OWEN MARTIN *vs.* WILLIAM R. HAWTHORNE.

Opinion filed May 20th, 1895.

**Foreclosure Threshers Lien—Report of Sale.**

. On the foreclosure of a thresher's lien, the failure of the officer making the sale to file a report of the sale with the register of deeds of the county where the lien was filed within ten days after such sale will not invalidate such sale. *Johnson v. Day*, 50 N. W. 701, 2 N. D. 295, followed.

**Proof Necessary to Establish Lien.**

To uphold a seizure of grain under a threshers lien, the party making the seizure must establish that the grain seized was grown upon the land described in the statement for the lien.

Appeal from District Court, Stutsman County; *Rose*, J.

Action by Owen Martin against William R. Hawthorne and another to recover the value of grain sold under a thresher's lien. Judgment for defendants, and plaintiff appeals.

Reversed.

*S. L. Glaspell*, for appellant.

*F. Baldwin*, for respondents.

BARTHOLOMEW, J. This case is in this court for the second time. The decision on the first appeal is reported in 3 N. D. 412, 57 N. W. 87. The action is, in brief, for the recovery of the value of certain grain belonging to plaintiff, which was seized and sold by defendants, who justify the act under a thresher's lien. The second trial was by the court by consent of parties, and defendants again prevailed. The case was tried after Ch. 82, Laws 1893, went into effect, and must be governed by the provisions of that act, which require all actions tried by the court where issue has been joined to be tried by having all testimony offered by either party reduced to writing, and, on appeal to this court, the evidence is sent up, and the facts tried here *de novo*. We can no longer review facts in these cases by exceptions to findings. There is no suggestion that the evidence was not so taken and is not properly before us for our consideration; nor is

there anything in the abstract or transcript or certificate of the trial judge that indicates the contrary. We must proceed on the theory that it is so before us.

The law authorizes a thresher's lien to be foreclosed in the same manner that chattel mortgages are foreclosed. Laws 1889, Ch. 88. Section 7, Ch. 26, Laws 1889, provides that, upon a foreclosure of a chattel mortgage, the officer making the sale, within ten days after making the sale, shall make a written report of his proceedings in the matter, and file the same with the register of deeds where the mortgage was filed. The undisputed evidence shows that in the foreclosure of this thresher's lien no such report was filed until the eleventh day after the sale. Plaintiff claims that this fact invalidates the sale, and renders the seizure a conversion. We think not. The point is covered by *Johnson* v. *Day*, 2 N. D. 295, 50 N. W. 701. That was a case of real estate foreclosure, but the principle is the same. We held the provision requiring the subsequent filing of the certificate within a specified time was directory, and not mandatory. It is a matter over which a purchaser has no control, and need not take place until ten days after a completed sale. It would be most unjust to hold that such a sale could be destroyed by the nonaction of the officer.

We held in our former opinion in this case that the lien holder, in order to justify his seizure, must show that the grain seized was grown on the land described in the affidavit for the lien. The case was reversed for failure of proof in that direction. The failure was equally signal upon the second trial. The lien affidavit asserts that the grain was grown upon the W. ½ of section 28, township 144, range 65. The undisputed proof shows that the W. ½ of the W. ½ of said section was, at the time the threshing was done, unbroken prairie land. The E. ½ of said W. ½ contained the trees for what the witnesses call the "tree claim." A portion of it was meadow and the balance cultivated land. A highway runs east and west through said section. That portion of the E. ½ of the W. ½ north of the highway which was

cultivated was sown to barley in the year in question. The portion south of the highway was sown to wheat. The amount thus sown to wheat was, under the testimony, about 15 acres. The lien was claimed for 2,223 bushels of wheat, and 296 bushels of barley, grown on said W. ½ of said section. Now, we are always glad to support the high reputation of North Dakota soil for fertility, but the utmost stretch of local pride will not warrant us in going upon record as believing that 2,223 bushels of wheat can grow on 15 acres of land, even in North Dakota. Moreover, the undisputed evidence relieves us. It shows that most of the wheat threshed by defendants was grown upon the E. ½ of said section 28, or upon section 27 in said township. There is no evidence that shows that one grain of the wheat seized under the lien was grown upon the W. ½ of said section 28. Nor is appellant in any better position as to the barley seized. The proof shows that some barley was grown on the W. ½ of 28; but whether the barley so grown, or any part of it, is the barley seized under the lien, does not appear. There is no force in the suggestion that, if plaintiff mixed the grain grown on the W. ½ of 28 with other grain, appellant may satisfy his lien from the bulk as thus mixed. The evidence fails to show that such mixture, if made, was made for the purpose of destroying the lien. The respondents, at the time the threshing was done, were entitled to perfect their lien upon all the grain threshed. Subsequently they claimed a lien only upon a small portion of the grain, and a portion which had already been mixed with the entire bulk. The fault, if any, was theirs, and not that of plaintiff. No doubt, these respondents have a just claim for the balance of their threshing account against plaintiff, but we have repeatedly held that the benefits of these statutory liens could be realized only by strict compliance with the statute. On the second trial the respondents failed to establish the fact which our first opinion declared they must prove in order to defeat the action. In accordance with the practice indicated in *Taylor* v. *Taylor*, 5 N. D. 59, 63 N. W. 893, the record will be remanded to the District Court for

Stutsman County, together with a copy of this opinion, and that court will annul its former judgment herein, and order judgment for plaintiff for $160.40 and costs.

It is so ordered. All concur.