## J. F. GORTHY, v. NOAH JARVIS.

Opinion filed May 31, 1906.

**Jury Trial.**

1. Where the complaint prays for both legal and equitable relief, but the former alone is warranted by the facts pleaded, it is error to deny defendant's demand for a jury trial.

**Thresher's Lien — Statement When Grain Grown in Two Counties.**

2. Where grain upon which a thresher's lien, under chapter 83 of the Civil Code (Rev. Codes 1899, sections 4823-4825), is claimed, was grown on land situated in two counties, the lien statement should be executed in duplicate and filed in both counties.

**Same — Pleading Must Show Kind and Quantity of Grain.**

3. Where the plaintiff acquired a lien upon part only of a large quantity of grain, consisting of wheat, oats and barley, for threshing same, and seeks a foreclosure of such lien by action, the complaint must show the kind and quantity of grain upon which the lien exists.

Appeal from District Court, Barnes county; *Burke, J.*

Action by J. F. Gorthy against Noah Jarvis.

Judgment for plaintiff, and defendant appeals.

Reversed.

*Turner & Wright,* for appellant.

Plaintiff cannot deprive defendant of a jury trial of legal issues by advancing fictitious claims for equitable relief. Davison v. Associates of the Jersey Co. 71 N. Y. 333; Wheelock v. Lee, 74 N. Y. 495; Bradley v. Aldrich, 40 N. Y. 504; People v. A. J. S. R. Co 57 N. Y. 163.

*Parks & Olsberg,* for respondent.

Failure to file statement in each county will not prevent enforcement for the proportionate part in the county in which it was filed. Richmond & Irvine C. C. v. Richmond et al. 34 L. R. A. 625.

ENGERUD, J. This is an appeal by the defendant from a judgment entered after a trial of the issues by the court without a jury. The only question presented by the assignments of error is whether or not the defendant was erroneously deprived of trial of the issues

by a jury. ·The complaint sets forth, in substance, that the plaintiff who was the owner and operator of a threshing machine threshed out a crop of wheat, oats and barley for the defendant, the owner of the grain, pursuant to a contract. The number of bushels of each kind of grain threshed and the agreed price for threshing the same is set forth, together with the description of the land upon which the crop was grown. Three-fourths of the land is in Barnes county, and the remaining fourth in Stutsman county. The complaint further sets forth that the plaintiff, for the purpose of availing himself of the right to a lien for such threshing, pursuant to chapter 83 of the Civil Code (Rev. Codes 1899, sections 4823-4825), filed in the office of the register of deeds of Barnes county, within 30 days after completing the threshing, the verified statement required by law. The statement is attached to and made part of the complaint. The allegations of the complaint, as well as the lien statement, show that the grain threshed was grown on the land situated in both counties, but the quantity of each kind of grain grown in each county is not shown. It is alleged, however, that all the grain threshed was stored on the defendant's premises in Barnes county. Judgment was demanded for $262.99 and interest, the alleged balance due for the threshing, and for a foreclosure of the threshing lien. The answer, besides disputing the number of bushels threshed and the price for threshing alleged in the complaint, pleads payment in full, and also sets up a legal counterclaim for the recovery of money only. When the case came on for trial, defendant demanded a jury trial, upon the ground that the complaint disclosed on its face that the plaintiff had no right to a foreclosure, and the remaining issues of ·fact were properly triable by a jury. The trial court denied the motion and proceded to try the case without a jury. It found the facts to be substantially as alleged in the complaint, and ordered judgment in plaintiff's favor for the recovery of $170.30 with interest and costs, but did not grant a foreclosure, thus, in effect, though not in express terms, holding that there was no right to that relief.

The appellant concedes that, had the plaintiff alleged and proved an equitable cause of action for the foreclosure of a thresher's lien, then all the issues in the case were properly triable by the court without a jury. Appellant contends, however, that the complaint does not state the facts sufficient to entitle the plaintiff to a foreclosure or any other equitable relief, and hence the

action is one at law for the recovery of money only. The defendant has a constitutional as well as statutory right to have a jury decide disputed questions of fact in cases properly triable by a jury, unless he waives the right. "The defendant cannot be deprived of a jury trial in a proper case because the plaintiff has demanded equitable instead of legal relief." Davison v. Associates of the Jersey Co. 71 N. Y. 333. The prayer for relief, therefore, is not the sole test for determining the nature of the action and the mode of trial. The allegations of the complaint and the prayer for relief must be taken together. If the facts alleged do not warrant the equitable relief prayed for, the prayer is of no avail. People v. Railroad Co. 57 N. Y. 161. Applying these principles to this case, it is plain that the action was properly triable to a jury, unless the allegations of the complaint showed that the plaintiff was entitled to a foreclosure of a thresher's lien. Section 4824, Rev. Codes 1899, provides, among other things, that the person claiming such a lien must, within 30 days after completing the threshing, file the specified statement or claim of lien in the office of the register of deeds "of the county in which the grain was grown;" and further provides that, "unless the person entitled to the lien shall file such statement within the time aforesaid, he shall be deemed to have waived his right thereto." This lien is a purely statutory one and can be obtained only by compliance with the terms of the statute. Martin v. Hawthorn, 3 N. D. 412, 57 N. W. 87. It is clear that a lien cannot be asserted in this case against the grain grown in Stutsman county, because as to that part of the grain threshed the lien statement was not filed in the county "in which the grain was grown." In such a case as this we think the lien statement should be made in duplicate, and one statement filed in each county. As applied to a case like this, the words of the statute with respect to the place of filing should be read in the plural. "Words used in the singular number include the plural, and the plural the singular, except when a contrary intention plainly appears." Rev. Codes 1899, section 5134.

In this case the complaint as well as the findings show that the lien statement was filed in Barnes county only. It is true that the grain was all stored there after it had been threshed, but the statute requires the statement to be filed in the county or counties where the grain was grown, not where it was stored. We shall

assume for the purpose of this case that the filing of the statement in Barnes county was sufficient to perfect the lien on the grain grown in that county, even though no statement was filed in the other county. Counsel has not argued this question, and we therefore express no opinion on it. If the assumption is true, plaintiff acquired a lien on the Barnes county grain, but that fact does not obviate the objections to the plaintiff's alleged cause of action for a foreclosure. It simply leaves this plaintiff in a position similar to that of the plaintiff in the case of Martin v. Hawthorn, 3 N. D. 412, 57 N. W. 87, and 5 N. D. 66, 63 N. W. 895. In this case, as in that, the plaintiff has failed to allege the kind and quantity of grain upon which he acquired a lien. In this case, as in that, he may have a lien upon a part of a large quantity of grain, but he has not shown what part is covered by his lien. The grain may not, as in that case, have been mixed with other grain, but he has not shown how much of each of the three kinds of grain threshed was grown in Barnes county. In short, he has not identified the grain upon which he claims to have a lien, by showing its kind or quantity, or by showing what proportionate part of each kind of grain is subject to his lien. His lien may cover all the wheat, and none or only part of either the oats or barley; or it may cover all the oats and barley, and none or only a part of the wheat.

It is plain that the court could not decree a foreclosure, unless the property to be sold was described and identified. The complaint contains no allegations on that subject and it is apparent from findings that the defect was not cured by the proof, even if the proof had been admissible without the necessary allegations. We, therefore, hold that the complaint did not state facts sufficient to entitle the plaintiff to the equitable relief demanded, and hence the action was one at law for trial by jury.

The judgment is reversed, and a new trial granted. All concur. (108 N. W. 39.)