C. O. HOUGLUM and Carl Houglum, copartners as C. O. Houglum &
Son v. JOHN BROWKOWSKI.

(157 N. W. 675.)

Action in claim and delivery. Plaintiff demands possession of enough grain
to satisfy a thresher's lien. Appellant argues three groups of errors which
we cannot sustain, for the reasons stated below:

**Claim and delivery — action in — thresher's lien — errors — evidence — de-
fendant — grain beyond control — admission of — admitted fact.**

1. An examination of the evidence discloses that defendant admitted that
the grain was beyond his control. It was therefore not error to exclude further
evidence of this admitted fact.

**Thresher's lien — evidence — offered in — exclusion — grain — unidentified.**

2. It was not error to reject the thresher's lien when offered in evidence. The
evidence disclosed that the grain in question could not be identified as having
been grown upon the land covered by the lien.

**Offer of proof — lien — erroneously drawn — intention.**

3. It was not error to reject plaintiff's offer to show that the lien was not
intentionally erroneously drawn.

Opinion filed April 10, 1916.

Appeal from the District Court of Williams County, *Frank E. Fisk,*
J.

Affirmed.

*H. W. Braatelien,* for appellants.

In claim and delivery it is proper to show that the property cannot be
produced. Larson v. Hanson, 21 N. D. 411, 131 N. W. 229, 26 N. D.
422, 51 L.R.A.(N.S.) 655, 144 N. W. 681; Farmers' Nat. Bank v. Fer-
guson, 28 N. D. 347, 48 N. W. 1049.

Certain grain covered by the lien was identified. The court erred in
refusing to admit in evidence plaintiffs' lien statement, because it con-
tained a reference to more grain than was raised on the land therein-
described. Dahlund v. Lorentzen, 30 N. D. 275, 152 N. W. 684; Howe
v. Smith, 6 N. D. 432, 71 N. W. 552; Red River Lumber Co. v. Chil-
dren of Israel, 7 N. D. 46, 73 N. W. 203; Turner v. St. John, 8 N. D.
245, 78 N. W. 340; Salzer Lumber Co. v. Claflin, 16 N. D. 601, 113

N. W. 1036; Robertson Lumber Co. v. Clarke, 24 N. D. 134, 138 N. W. 984; Mitchell v. Monarch Elevator Co. 15 N. D. 500, 107 N. W. 1085, 11 Ann. Cas. 1001; Tulloch v. Rogers, 52 Minn. 114, 53 N. W. 1063; Willamette Steam Mills v. Kremer, 94 Cal. 205, 29 Pac. 633; Seaton v. Hixon, 35 Kan. 663, 12 Pac. 22; Martin v. Simmons, 11 Colo. 411, 18 Pac. 535; Laird-Norton Co. v. Hopkins, 6 S. D. 217, 60 N. W. 857; Albright v. Smith, 3 S. D. 632, 54 N. W. 816, 2 S. D. 577, 51 N. W. 590; Pinkerton v. LeBeau, 3 S. D. 440, 54 N. W. 97; Tonopah v. Nevada Amusement Co. 30 Nev. 445, 97 Pac. 637, and cases cited; Rogers v. Omaha Hotel Co. 4 Neb. 58; Way v. Cameron, 94 Neb. 708, 144 N. W. 172; Welch v. McGrath, 59 Iowa, 519, 10 N. W. 810, 13 N. W. 638; Chaffee v. Edinger, 29 N. D. 537, 151 N. W. 223; Lavin v. Bradley, 1 N. D. 291, 47 N. W. 384.

The construction put upon the lien is not so strict between the parties and where no third party interests are involved. Harmon v. San Francisco & S. R. R. Co. 86 Cal. 617, 25 Pac. 125; Laird-Norton Co. v. Hopkins, 6 S. D. 217, 60 N. W. 857; Howe v. Smith, 6 N. D. 432, 71 N. W. 552; Tulloch v. Rogers, 52 Minn. 114, 53 N. W. 1063; Johnson v. Starrett, 127 Minn. 138, L.R.A.1915B, 708, 149 N. W. 6.

The lien statement is notice, and, in addition, defendant had actual notice. Howe v. Smith, 6 N. D. 436, 71 N. W. 552; Laird-Norton Co. v. Hopkins, 6 S. D. 217, 60 N. W. 857; Turner v. St. John, 8 N. D. 245, 78 N. W. 340.

In mechanic's liens the mere fact that the amount stated is excessive will not defeat the lien. Gibbs v. Hanchette, 90 Mich. 657, 51 N. W. 691; Howe v. Smith, 6 N. D. 432, 71 N. W. 552; Tulloch v. Rogers, 52 Minn. 114, 53 N. W. 1063; Willamette v. Kremer, 94 Cal. 205, 29 Pac. 633; Red River Lumber Co. v. Children of Israel, 7 N. D. 46, 73 N. W. 203.

The claimant is not required before filing his lien claim to make an accurate survey of the lot upon which the building stands at the risk of losing his lien; if he makes a slight mistake in its boundaries, it is not fatal. Willamette v. Kremer, 94 Cal. 205, 29 Pac. 633; Dahlund v. Lorentzen, 30 N. D. 275, 152 N. W. 684; Way v. Cameron, 94 Neb. 708, 114 N. W. 172; Salzer Lumber Co. v. Claflin, 16 N. D. 607, 113 N. W. 1036; Freeman v. Clark, 28 N. D. 578, 149 N. W. 565; Robertson Lumber Co. v. Clarke, 24 N. D. 140, 138 N. W. 984; Barnes v. Colo-

rado Springs, C. C. Dist. R. Co. 42 Colo. 461, 94 Pac. 570; Gordon
Hardware Co. v. San Francisco & S. R. R. Co. 86 Cal. 620, 25 Pac.
125; Allen v. Elwert, 29 Or. 428, 44 Pac. 823, 48 Pac. 54; Maynard
v. Ivey, 21 Nev. 241, 29 Pac. 1090.

A lien filed in one county for work done in two counties is good as
to the work done in the county where filed. Richmond & I. Constr. Co.
v. Richmond, N. I. & B. R. Co. 34 L.R.A. 625, 15 C. C. A. 289, 31
U. S. App. 704, 68 Fed. 105; Gorthy v. Jarvis, 15 N. D. 509, 108 N.
W. 39; Howe v. Smith, 6 N. D. 434, 71 N. W. 552.

There was no fatal variance between pleading and proof. Snell v.
Payne, 115 Cal. 218, 46 Pac. 1069.

The lien was specific as to prices, terms, conditions, and provided
generally that claimant was to be paid the "reasonable market thereof."
Santa Monica Lumber & Mill Co. v. Hege, 113 Cal. 376, 51 Pac. 555;
McClain v. Hutton, 131 Cal. 132, 61 Pac. 273, 63 Pac. 182, 622
(1900); Continental Bldg. & L. Asso. v. Hutton, 144 Cal. 609, 78
Pac. 21; Sandberg v. Victor Gold & S. Min. Co. 24 Utah, 1, 66 Pac.
360.

Where the contract of employment makes no provision for compensa-
tion, the law implies a promise to pay what the services are reasonably
worth. Millar v. Cuddy, 43 Mich. 273, 38 Am. Rep. 181, 5 N. W.
316; Sandberg v. Victor Gold & S. Min. Co. 24 Utah, 1, 66 Pac. 360.

*Thomas M. Cooney, Palmer, Craven, & Burnes,* and *A. J. Bessie,*
for respondent.

Appellants have wholly failed to identify the grain as having been
grown on any of the land described in the lien statement. The lien
was therefore properly ruled out when offered in evidence. Parker v.
First Nat. Bank, 3 N. D. 87, 54 N. W. 313.

The law is peremptory in requiring the lien statement to contain a
description of the land on which the grain is grown, and such grain
must be connected up and identified. Martin v. Hawthorn, 3 N. D.
412, 57 N. W. 87, 5 N. D. 66, 63 N. W. 895; Moher v. Rasmusson,
12 N. D. 71, 95 N. W. 152; Gorthy v. Jarvis, 15 N. D. 509, 108 N.
W. 39; Comp. Laws 1913, § 6855.

The law also requires the thresher's lien statement to show the "price
agreed upon." Comp. Laws 1913, § 6858; Phelen v. Terry, 101 Minn.
454, 112 N. W. 872; Rev. Laws 1905, § 3546.

Omission to set forth the agreed price is fatal to the lien. Lavin v. Bradley, 1 N. D. 291, 47 N. W. 384.

No specific property having been identified in this replevin action, no judgment could possibly be entered for any specific property or its value. Welch v. Smith, 45 Cal. 230; Cooke v. Aguirre, 86 Cal. 479, 25 Pac. 5; Pierce v. Langdon, 3 Idaho, 141, 28 Pac. 401; Hawley v. Kocher, 123 Cal. 77, 55 Pac. 696; Schwarz v. Lee Gon, 46 Or. 219, 80 Pac. 110; Dexter v. Olsen, 40 Wash. 199, 82 Pac. 286.

BURKE, J. Action in claim and delivery. Plaintiff demands possession of "so much of the grain above described as is of the worth and value of $431.15." He claims that he threshed for the defendant, filed a lien for his bill, and now desires possession of enough grain to enforce the same. Defendant interposed a general denial. Just before the trial it was demanded that plaintiff elect to stand upon a contract price for the alleged threshing or for the reasonable value thereof. He elected to stand on the "reasonable price" of the work done. The jury was impaneled and testimony taken. A dispute developed between the parties as to the terms of their contract.

Defendant gave his version of the contract as follows:

Q. Tell the jury what you said to him.

A. This young boy came, Mr. Houglum. I say, "You thresh in my place." He say, "How many acres?" I say, "I and my neighbors, George Barney and Mrs. Williams, have got 300 acres." He says, How much you pay me a bushel to thresh—all the wheat good?" I say, "Yes,—but some frost," He says, "Ten cents a bushel, good wheat; 11 cents, frozen wheat, 22 cents, flax."

Q. What was said about the oats?

A. Oats, he said 6 cents.

Q. This was for threshing from the shock?

A. Shock.

. . . . . . . . . . . . . . . . . .

Q. Was there anything said about the condition of the flax?

A. There was no use talking because he was across that field—Mr. Houglum, he was across that field.

33 N. D.—40.

Mr. Houglum, upon the stand, testifies regarding the same transaction as follows:

Q. Was anything said about the price?

A. No, sir.

Q. Did you have any talk with the man at his place about what was to be the price for threshing this grain?

A. I believe I did at the machine.

Q. Had you threshed at that time?

A. Yes, sir.

Q. Before you threshed the wheat, was there any talk between you and him about what you were to charge for threshing it?

A. No, sir.

. . . . . . . . . . . . . . . . . .

Q. When was the first time that you had any talk with him about the charges?

A. After we started threshing the wheat.

Q. What had you threshed at that time, if anything?

A. Wheat.

Q. Had you threshed oats?

A. No, sir.

Q. What was that talk?

A. I told him I wanted 14 cents for it; he said, "All right."

Q. What was the talk about the oats?

A. There was no talk about it.

Q. What was said about the flax, if anything?

A. At the dinner table I asked him for $25 a day and expenses, and he refused.

Q. State to the jury all about that conversation.

A. I started threshing one afternoon. Threshed about 100 bushels or 140 bushels (flax) and then threshed wheat. Next morning in the forenoon I asked him for $25 a day and expenses to thresh the rest of his flax, and he refused. I told him I would not thresh it. He said, "All right, you may pull out." I finished up his wheat and pulled out.

Defendant refused to pay the bill because plaintiffs would not thresh his flax. During the progress of the trial it developed that the grain was grown upon three-quarter sections of land, the fields running across the line, and that the bundles had been taken indiscriminately

from all parts of the said three quarters, it being therefore impossible to tell upon what quarter section any of the grain was grown. Plaintiffs finally offered in evidence the thresher's lien, which, upon examination, proved to describe but two of the quarter sections of land. Objection was made to its introduction, upon the grounds that it did not describe the land upon which the grain was grown,—that certain portions of the grain were grown upon a quarter not described in said lien; that the lien did not set out the contract price, but did describe a price repudiated by plaintiff's own testimony. Objection was further made upon the grounds that the lien was in favor of individuals only, while the suit was upon behalf of the partnership. The court sustained the objection, stating that the principal reason for so doing was that the grain in dispute was not all raised upon the land, and it was impossible to show whether any portion of the grain in dispute was actually raised upon the land covered by the lien. Plaintiffs then offered to show that the mistake in the lien was unintentional, to which the objection was made that the said intent was immaterial. This objection was sustained. Plaintiffs offered no further testimony, and there was a directed verdict for the defendant. This appeal follows. Appellant urges three groups of errors: First, that the court erred in excluding testimony as to what had become of the grain; second, in excluding the lien; and third, in rejecting the offer to show that the mistake in the lien was unintentional. We will discuss those in the order named:

(1) This is a minor question, and we find, upon an examination of the evidence, that defendant admitted that the grain was sold and could not be returned. We will therefore pass this without further discussion.

(2) We do not believe it was error to reject the lien. There are several reasons for this conclusion, but we will mention but one. It must be remembered that this is not an action to foreclose the lien, nor an action upon the account. Plaintiff has designated certain grain which, he says, was raised upon a certain described tract of land, threshed thereon by him. He demands possession of this grain to impress it with his thresher's lien. The suit is for the possession of particular grain, not upon the account. Upon the trial it was proved that some of the grain was raised upon other land, and that it was

impossible to identify the grain upon which he could claim a lien. The fact that he had filed a lien upon part of the land is immaterial. Whether the lien was admitted or rejected, defendant must fail in his action.   Parker v. First Nat. Bank, 3 N. D. 87, 54 N. W. 313; Martin v. Hawthorn, 3 N. D. 412, 57 N. W. 87, 5 N. D. 66, 63 N. W. 895; Gorthy v. Jarvis, 15 N. D. 509, 108 N. W. 39.

This renders it unnecessary to pass upon the other questions; for instance, whether the mistake as to the price for which the threshing was to be done vitiated the lien.   The lien was properly rejected.

(3) Nor was it error in the trial court to reject plaintiff's offer to show that the mistake was unintentional.   The lien was not being rejected on account of fraud, but because it did not attach to the grain in controversy.   In other words, the lien offered could not be properly connected up with the grain the possession of which plaintiff was seeking.   Therefore his intention to have filed lien against other land was immaterial.   We believe it is conceded that, if there was no error in the rulings aforesaid, the judgment was properly directed, as there is no evidence upon which a verdict for plaintiff could be sustained. Judgment is accordingly affirmed.