MARTHA J. KINGMAN ET AL. v. JULIA H. SINCLAIR, EXECUTRIX, ETC.

*Equity—Discharge of mortgage—Statute of limitations.*

1. Equity will compel the discharge from record of an outlawed mortgage without requiring proof of the actual payment of the mortgage debt.

    So *held*, where, after 24 years of unquestioned possession and ownership of a farm, complainant, on procuring an abstract of title, found an undischarged mortgage of record, given 33 years before that date by the owner of the equitable title under a certificate of purchase from the State. The mortgage was due in one year from its date, and no payments were ever indorsed thereon, or on the accompanying note. The executrix of the mortgagee, to whom he willed his estate, refused to discharge the mortgage, claiming that the same had never been paid; whereupon complainant, who was not personally liable for the debt, filed a bill to compel such discharge. No evidence was offered of payment of the mortgage, or of any proceedings for its foreclosure; and a decree granting the relief prayed for is affirmed.

2. Where a bill is filed against the executrix of a mortgagee to compel the discharge of an outlawed mortgage, and the defense is based *wholly* upon the claim that the defendant did not feel authorized to discharge the mortgage as such executrix, the court may very properly require the complainant to prosecute the suit at her own expense, under How. Stat. § 8963.

Appeal from Ottawa. (Arnold, J.) Argued April 22, 1890. Decided May 2, 1890.

Bill to discharge an outlawed mortgage, as a cloud upon complainant's title. Defendant appeals from a decree granting the relief prayed for. Decree affirmed. The facts are stated in the opinion.

*Charles E. Soule,* for complainants.

*Ward & Ward,* for defendant.

CAHILL, J. This case involves the question whether a court of equity will compel the discharge from the record of a mortgage against which the statute of limitations has run without requiring proof of the actual payment of the debt.

The facts are as follows: In 1863 complainant's husband bought an 80-acre farm in Ottawa county, and moved upon it with his family. Before his death he conveyed it to complainant, who continued to reside on it down to 1885, a period of 22 years. She leased it to a tenant for two years longer, and so was in the unquestioned possession and ownership of the property for 24 years before filing her bill. Desiring to sell the property, complainant, in 1887, procured an abstract of the title, and for the first time learned that there was an undischarged mortgage against the farm given March 11, 1854, by Franklin Nichols, who, at that time, owned the equitable title to the land by virtue of a certificate of purchase issued by the State of Michigan to him. The mortgage was given to Benjamin Allyn for $113.66, due one year after date, with interest at 10 per cent. No payment was ever indorsed on this mortgage, or on the accompanying note.

Benjamin Allyn, the mortgagee, died testate, in 1859, leaving his estate to defendant, Mrs. Sinclair, who was also executrix of his will. In September, 1887, the complainant applied to Mrs. Sinclair for a discharge of this

mortgage, claiming that it was a cloud upon her title, and prevented her making a sale of it. She offered to pay the expenses of making a discharge, but Mrs. Sinclair refused to discharge the mortgage without payment. In June, 1888, complainant filed her bill in the Ottawa circuit court in chancery, to compel the discharge of this mortgage. The bill sets up the foregoing facts and prays that defendant as executrix,—

"May be required, by the order and decree of this court, to execute and deliver to complainant for record a discharge of said mortgage, thereby clearing the same from the record of the title to her said farm, and that, until such discharge shall be executed and delivered, a certified copy of the decree of this court may be recorded and stand in lieu thereof, and that complainant may recover her costs."

The defendant appeared, and answered, admitting the giving of the mortgage; that Benjamin Allyn was dead; that defendant was executrix; and that, so far as her knowledge of the matter extends, she knows of no payments on said mortgage, or suits or proceedings to foreclose the same. She admitted that she refused to discharge the mortgage without compensation, because she knew said mortgage had not been paid; .claims that the bill is inconsistent and contradictory in stating that the mortgage was both paid and outlawed; and says that, if complainant would do justice and equity in the premises, she would pay said mortgage; denies that complainant is entitled to any relief; and prays the same advantage of her answer as if she had demurred.

Proofs were taken in open court before Hon. Dan J. Arnold, circuit judge. No evidence was offered of actual payment of the mortgage, or any part of it, principal or interest, nor was there any evidence that any suit or proceeding had at any time been commenced to foreclose

the same; and a decree was rendered in favor of the com-plainant.   Defendant appealed.

The claim made by defendant is that, when complainant seeks the aid of a court of equity, she must be willing and ready to do equity; that the moral obligation to pay her debt remains as strong after the running of the statute of limitations as before, and calls upon her to pay the debt; that equity will not and ought not to compel the discharge of this mortgage without actual payment. But this doctrine, if correct, applies only when complainant personally owes the debt which the mortgage was given to secure. *Booth v. Hoskins,* 75 Cal. 271. This mortgage was given by some former owner of an equitable interest, and complainant says she never knew of it until 1887. She could not have bought the land subject to it in such a way as to make her personally bound to pay it legally or equitably. It was once a lien upon her land; it was never a claim against her. What she seeks is to have this lien, which once existed in fact, and still exists of record, as a cloud on her title, removed.

It appears from the testimony that this mortgage is not a mere fancied cloud upon the complainant's title; that she has sold the land, but that the purchaser insisted upon keeping back a part of the purchase money until this apparent mortgage is released.

If the defendant, in her capacity as executrix, did not feel authorized to discharge this mortgage, and had based her defense wholly upon that position, disclaiming any right to or interest in the mortgage so far as it constituted a lien upon the complainant's land, the court could very properly have required the complainant to prosecute the suit at her own expense. How. Stat. § 8963. But this the defendant did not do. She defended upon the merits,

claiming that the complainant was not entitled to the relief prayed for, and we think the decree below should be affirmed, with costs.

The other Justices concurred.