## MARY E. KELLER v. JOHN SOUTHER.

(— L.R.A.(N.S.) —, 144 N. W. 671.)

**Equity — mortgage — unpaid — statute of limitation — action to foreclose barred — land holden for debt secured.**

The maxim that "he who seeks equity must do equity" is *held* applicable to the plaintiff who, in her action to determine adverse claims, seeks relief against a mortgagee whose mortgage has never been paid nor satisfied, but the cause of action to foreclose which is barred by the statute of limitations. Although the plaintiff is a remote grantee of the mortgaged premises, and neither she nor the mortgagor are personally liable for the payment of the indebtedness, the mortgage having been executed to secure the debt of a third person, nevertheless she stands in the shoes of the mortgagor, and in equity and good conscience the land which was thus hypothecated as security for the payment of the debt is holden therefor.

Opinion filed December 11, 1913.

Appeal from District Court, Morton County, *W. C. Crawford,* Special J.

From an order sustaining a demurrer to the complaint, plaintiff appeals.

Affirmed.

*W. H. Stutsman,* for appellant.

On demurrer to a replication plaintiff may take advantage of any defects in the plea. Townsend v. Jemison, 7 How. 706, 12 L. ed. 880.

A bad reply to a bad answer will be held good on demurrer. State ex rel. Metsker v. Mills, 82 Ind. 126; Ashley v. Foreman, 85 Ind. 55; Peden v. Cavins, 134 Ind. 494, 39 Am. St. Rep. 276, 34 N. E. 7; Puntenny v. Paddock, 1 Blackf. 415; Wile v. Matherson, 2 G. Greene, 184; Murdock v. Winter, 1 Harr. & G. 471.

The mortgage is barred by limitation. 25 Cyc. 1237; Fowler v. Wood, 150 N. Y. 584, 44 N. E. 1124; Low v. Allen, 26 Cal. 141.

Only he in whose favor the statute operates can waive or deprive himself of its benefits. Colonial & U. S. Mortg. Co. v. Northwest

Note.—On the question of bar of statute of limitations as ground for quieting title as against encumbrances, see note in 6 L.R.A.(N.S.) 516.

Thresher Co. 14 N. D. 147, 70 L.R.A. 814, 116 Am. St. Rep. 642, 103 N. W. 915, 8 Ann. Cas. 1160.

The statute of limitations is suspended by the death of the debtor only during the time until a creditor can apply for administration, or for a reasonable time. Kulp v. Kulp, 51 Kan. 341, 21 L.R.A. 550, 32 Pac. 1118; Bauserman v. Blunt, 147 U. S. 647, 37 L. ed. 316, 13 Sup. Ct. Rep. 466.

*Hanley & Sullivan,* for respondent John Souther.

He who seeks equity must do equity. The supreme court of this state is not alone in amplifying this equitable rule. Tracy v. Wheeler, 6 L.R.A.(N.S.) 517; Booth v. Hoskins, 75 Cal. 271, 17 Pac. 225; De Cazara v. Orena, 80 Cal. 132, 22 Pac. 74; Burns v. Hiatt, 149 Cal. 617, 117 Am. St. Rep. 157, 87 Pac. 196; Michigan Trust Co. v. Red Cloud, 76 Neb. 634, 107 N. W. 760.

The statute of limitations is a shield, and not a sword; it will save from an attack, but cannot be used for the purpose of making the attack itself effectual. 16 Cyc. 140; Marshutz v. Seltzor, 5 Cal. App. 140, 89 Pac. 877.

Neither the mortgagor, nor his successor in interest with notice of the mortgage, can obtain a decree quieting title without paying the mortgage debt, even though outlawed. De Cazara v. Orena, 80 Cal. 132, 22 Pac. 74; Brandt v. Thompson, 91 Cal. 458, 27 Pac. 763; Boyce v. Fisk, 110 Cal. 107, 42 Pac. 473; Hall v. Arnott, 80 Cal. 348, 22 Pac. 200; Spect v. Spect, 88 Cal. 437, 13 L.R.A. 137, 22 Am. St. Rep. 314, 26 Pac. 203; Booth v. Hoskins, 75 Cal. 271, 17 Pac. 225; Mahoney v. Bostwick, 96 Cal. 53, 31 Am. St. Rep. 175, 30 Pac. 1020; Jones, Mortg. 1083, and 1 Pom. Eq. Jur. 385–387.

Fisk, J. This is an appeal from an order sustaining a demurrer interposed to plaintiff's reply. The action is a statutory one to determine adverse claims to real property, the complaint being in the usual form. The defendant Souther alone made answer, and he alleges therein the execution and delivery to him of a mortgage upon the premises in controversy, by one Charles E. Meech, on May 31, 1887, containing covenants against encumbrances and of general warranty, and securing the promissory note of one Tilden R. Selmes for $800 payable to such defendant, and dated May 20, 1887. Such answer alleges

that such note is still unpaid and such mortgage unsatisfied, and that the same are still owned by this defendant. No affirmative relief is prayed for, but the facts, as above alleged, are thus alleged by way of defense merely. Notwithstanding this, plaintiff served a reply wherein she alleges that Meech did not sign such note, and was in no wise personally liable for the debt represented thereby, and that he executed the mortgage solely to secure the debt of Selmes; that Selmes alone executed the note, and had no interest in the property in controversy and did not join in the execution of such mortgage, and that he removed permanently from this state about the year 1894, becoming a resident of Minnesota, where he died about August 1, 1895. Then follow allegations showing that the cause of action on such note and mortgage was long since barred by the statute of limitations, and that defendant Souther at no time made any effort to collect such note against Selmes or his estate. That in August, 1890, Charles E. Meech died intestate, and his estate was duly probated, Pauline C. and Robert Meech being declared his only heirs, and that no attempt was made by defendant to collect such indebtedness or to foreclose such mortgage, and that by lapse of time he is barred from asserting any claim or lien against said land. Then follows an allegation to the effect that on October 23, 1909, such heirs of Charles E. Meech conveyed the land in controversy to the plaintiff, who has ever since been the owner thereof.

The defendant Souther demurred to such reply upon the ground that it does not state facts sufficient to constitute a defense to the answer, nor are such facts sufficient to entitle plaintiff to the relief demanded in the complaint.

The procedure adopted is somewhat novel under our practice, and we discover no warrant therefor. In view of the fact that the answer contains no counterclaim, but merely defensive matter, a reply was neither necessary nor proper, but counsel for both parties, as well as the trial court, treated the pleadings as raising an issue of law as to the sufficiency as a defense of the matters alleged in the answer, and we shall dispose of the appeal on this theory, and we shall assume, for the purposes of this decision, that the matters alleged in the so-called reply are a part of the plaintiff's complaint. Do the facts alleged in the answer constitute any defense to plaintiff's alleged cause

of action? We think the learned trial judge answered this question correctly, and his order sustaining the demurrer must be affirmed. Although the cause of action for the collection of the note by foreclosure of the mortgage or otherwise is effectually barred by the statute of limitations, still, we think the maxim that "he who seeks equity must do equity" is applicable and forms a barrier to plaintiff's right of recovery without paying or offering to pay the indebtedness secured by such mortgage. This court had occasion to apply this maxim in the case of Tracy v. Wheeler, 15 N. D. 248, 6 L.R.A.(N.S.) 516, 107 N. W. 68. In that case the grantee of a mortgagor sought to have the mortgage canceled as a cloud upon her title, but the majority of the court held that, although the mortgage was barred by the statute of limitations, equity would not afford relief by canceling the same, except upon condition that the indebtedness be first paid.

Appellant's counsel does not question the soundness of this decision, but he seeks to differentiate it from the case at bar upon the theory that because neither Charles E. Meech nor his heirs personally owed the debt, and that the mortgage was given to secure the debt of another, in equity and good conscience plaintiff ought not to be required to pay the same as a condition to quieting her title as against such mortgage, and that therefore the equitable maxim aforesaid is not applicable. In this we cannot concur, nor do we think that the case of Tracy v. Wheeler can be differentiated upon such ground, for in that case, as in the case at bar, the plaintiff did not owe the indebtedness secured by the mortgage, but was a mere grantee of the premises from the mortgagor. We fail to perceive the force of the argument that because the mortgage was given by Meech to secure the debt of another, instead of his own debt, that there is therefore no rule of equity or good conscience which would require him to pay it, even as a surety. To the extent of the security thus given he stands in no different light from a surety or guarantor, and it seems to us that, as between him and the mortgagee, there is both a moral and equitable duty resting upon him to satisfy the indebtedness, and, concededly, his heirs and their grantee, the plaintiff, stand in no different light. Of course, if plaintiff, in a proper proceeding, can show facts disclosing that, on account of the conduct of the mortgagee or holder of the mortgage, such as laches or other acts resulting to the plaintiff's

detriment, in equity and good conscience the land should not be thus held as security for the payment of the indebtedness, she would no doubt be entitled to relief. Otherwise, we think her sole remedy is an action to redeem, in which she must allege her willingness and ability to pay whatever sum is justly found to be due on an accounting.

The whole fallacy, as we view it, of appellant's contention, consists in the unwarranted assumption that, by hypothecating this land as security for the payment of Selmes's note, Meech in no manner obligated himself in equity and good conscience to pay such indebtedness, even to the extent of permitting a resort to such security. True, the Michigan court in Kingman v. Sinclair, 80 Mich. 427, 20 Am. St. Rep. 522, 45 N. W. 187, seems to lend some support to appellant's contention, but, as stated in the opinion in Tracy v. Wheeler, supra, there were peculiar facts which serve to differentiate it from the Wheeler Case, and we think it also is to be differentiated for like reasons from the case at bar. We deem the Wheeler decision sound and the principle announced controlling in this case.

The order appealed from is accordingly affirmed.