R. H. BOWMAN, Respondent, v. ARITON RETELIEUK, John E. Burke, et al., Appellants.

(168 N. W. 576.)

**Mortgage liens — action to cancel — mortgage barred by limitation — mortgage not paid — equity — action does not appeal to — will not lie.**

The purpose of this action is to cancel mortgage liens on the ground that the mortgages have not been paid and that they are outlawed. Such an action does not appeal to equity, and this court has several times held that it does not lie.

Opinion filed May 3, 1918. On petition for rehearing July 9, 1918.

Appeal from the District Court of Ward County, Honorable *K. E. Leighton,* Judge.

Defendants appeal.

Judgment reversed.

*E. T. Burke,* for appellants.

The pendency of the first action between these same parties and involving the same subject-matter is a complete bar to this present action, so far as appellants are concerned. The issues made by our answer there were the same as here. Comp. Laws 1913, § 7446, cases cited.

Foreclosure is not a proceeding *in rem,* but is an action *in personam,* and the Statute of Limitations may be waived. Colonial & U. S. Mtg. Co. v. N. W. Thresher Co. 14 N. D. 147, 70 L.R.A. 814, 116 Am. St. Rep. 642, 8 Ann. Cas. 1160; Bacon v. Mitchell, 14 N. D. 454, 4 L.R.A.

(N.S.) 244; Boucofski v. Jacobson, 26 L.R.A.(N.S.) 898; O'Toole v. Omlie, 16 N. D. 126; Adams v. Dickson, 66 Am. Dec. 608.

The plaintiff is in no position to plead the Statute of Limitations. He is in no better position than the mortgagor. He bought what title he has at sheriff's sale. Board Church Fund v. Seattle Church, 19 Wash. 455, 53 Pac. 671.

The Statute of Limitations is tolled; the issues are still pending in another and prior action. But, equity and good conscience require that the mortgage debt be paid as a condition to its cancelation. Board Church Fund v. Seattle Church, 19 Wash. 455, 53 Pac. 671.

"He who seeks equity must do equity."

If he wishes the mortgage canceled he must pay the debt secured. Tracy v. Wheeler, 15 N. D. 248, 107 N. W. 68.

*McGee & Goss,* for respondent.

The object and purpose of our amended statute upon the subject of defenses, in actions to quiet title, was to correct or change the rule applying to pleading by way of reply. Scott v. District Court, 15 N. D. 259; Sess. Laws 1909, chap. 3; Comp. Laws 1913, § 8152; Rev. Codes 1905, § 7527.

Outlawed encumbrances and bankruptcy discharge may now be pleaded by way of reply, and such defenses are available to a mortgagor or to one claiming title to the mortgaged premises under and in privity with the original mortgagor. Rev. Codes 1913, § 7358; Rev. Codes 1913, § 8152.

The mortgage here in question was outlawed at the commencement of this action. The statute has conclusively run against it. Colonial Mtg. Co. v. N. W. Thresher Co. 14 N. D. 147; Paine v. Dodds, 11 N. D. 189.

The mortgagor merely gave the mortgagee a remedy for the collection of the debt from the land, by an action to be brought against whomsoever might be the owner when the remedy became available. Colonial Co. v. Flemmington, 14 N. D. 181; Paine v. Dodds, 14 N. D. 189, 197; Mtg. Co. v. N. W. Thresher Co. 14 N. D. 147.

"The commencement of an action will not stop the running of the Statute of Limitations against a suit founded on a different cause of action." 25 Cyc. 1290; Lang v. Chocteau R. Co. 117 C. C. A. 146.

"Where the Statute of Limitations had run at the time the claim

for a lien was made, the equitable claim of a lien became a new and distinct cause of action." U. P. R. Co. v. Nyler, 158 U. S. 285, 39 L. ed. 983, 15 Sup. Ct. Rep. 877; Whalen v. Gordan, 37 C. C. A. 70, 95 Fed. 305.

"A suit to establish a personal judgment as an equitable lien, but in a separate and distinct cause of action does not relate back to the commencement of the original action and is subject to the defense of limitations." 17 R. C. L. 227, 228, 872; Simpson v. Mercantile Co. L.R.A. 1915B, 1221; Hunter v. Ins. Co. 3 L.R.A.(N.S.) 1187.

"An injunction against the commencement of an action does not save the running of the Statute of Limitations unless the statute so provides." Osborn v. Lindstrom, 9 N. D. 1, 46 L.R.A. 755, 81 N. W. 72; Barclay v. Blackington, 127 Cal. 189, 59 Pac. 834; Lagerman v. Casserly, 23 L.R.A.(N.S.) 672 and note (Minn.) 120 N. W. 1086.

The mere pendency of an action between the same parties does not stay the Statute of Limitations from running.

"The defense of the bar of the Statute of Limitations applies strictly to the particular action to which it is pleaded, and hence if that suit be not brought within the statutory period the bar of the statute cannot be avoided by showing that another action has been brought by plaintiff against defendant on some cause of action within the period limited by the statute." 25 Cyc. 1290; 117 C. C. A. 146, 153.

ROBINSON, J. This action is for the cancelation of a mortgage lien. Both parties claim under a common grantor. The complaint is in effect that in 1904 Retelieuk made two mortgages, which have been assigned to Burke, and they have not been paid, and under a subsequent mortgage and the foreclosure of the same the plaintiff has become the owner of the title to the land in question. The plaintiff says to Burke: "My grantor gave you two prior mortgages which have not been paid though more than ten years have elapsed since such mortgages became due. Therefore I demand that your mortgages be canceled, with costs."

Now, the plaintiff stands in the place of his mortgagor and for him says in effect: "It is more than ten years since I gave you those two prior mortgages, and I have failed to pay either principal or interest.

Therefore I demand that the mortgages be canceled, with costs, and the court gave judgment that the mortgages be canceled, with $51.40 costs.

It seems quite ridiculous for a party to base a cause of action on an averment that he gave a mortgage and never paid it, and it is clearly contrary to the well-considered decisions of this court. Tracy v. Wheeler, 15 N. D. 248, 250, 6 L.R.A.(N.S.) 516, 107 N. W. 68.

But it is claimed that the law has been changed by chapter 3, Laws of 1909, which purposed to amend a section of chapter 5, Laws of 1901, in regard to a reply. It reads: "No reply shall be necessary on the part of the plaintiff except when the defendant in his answer claims a lien or encumbrance upon the property which prior to the commencement of the action was barred by the Statutes of Limitation or which shall have been discharged in bankruptcy. . . . The plaintiff may reply, setting up such defense and avail himself of the benefit thereof." Now if it was the purpose of the statute to change the substantive law under the guise of changing the form of pleading, then it is not an amendment and the purpose of the act is not expressed by its title. The title of chapter 3, Laws of 1909, relates merely to a matter of pleading,—a reply,—and not to any substantive act. If the purpose of this act was to give a party a right to maintain an action to cancel an outlawed mortgage, then that purpose should have been expressed in its title. Doubtless it is competent for a party to show by his pleadings that he gave a mortgage and disregarded his obligations for ten years and "to avail himself of the benefit thereof." But, as this court has held, such benefits amount to nothing and give no cause of action. It is vain for a party to plead the default of himself or his grantor as a cause of action or of benefits. The law does not offer a reward for the violation of contract.

Judgment reversed.

GRACE, J. I dissent.

BIRDZELL, J. (concurring). Without expressing any opinion upon the merits of the proposition advanced by respondent's counsel as an original proposition, I concur in holding that the judgment of the trial court must be reversed by reason of the controlling precedents in this

jurisdiction which are cited in the concurring opinion of Mr. Justice Christianson.

In view of the argument, however, that § 152 of the Compiled Laws of 1913 establishes a contrary rule, it seems to me proper to briefly state the reasons why this statute does not have the effect contended for. The portion of the statute relied upon is as follows: "No reply shall be necessary on the part of the plaintiff, except when the defendant in his answer claims a lien or encumbrance upon the property, which, prior to the commencement of the action, was barred by the Statutes of Limitation, or which shall have been discharged in bankruptcy, or which constitutes only a cloud, the plaintiff may reply setting up such defense and avail himself of the benefit thereof."

It will be noted that the statute is entirely silent as to the effect of a reply setting up the Statute of Limitations or a discharge in bankruptcy. In so far as the right of the mortgagor to have the lien of such mortgage annulled is concerned, a reply setting up these defenses would clearly preclude the defendant mortgagee from recovering a personal judgment against him.

The statute in fact only carries into the action for the determination of adverse claims the general rule of pleading according to which one relying upon the Statute of Limitations or a discharge in bankruptcy for a defense is required to plead it. Other sections of the statute governing actions to determine adverse claims (§§ 8151 and 8153 particularly) clearly contemplate that in such action there may be a personal judgment, as against a party to the proceeding, except a defendant served by publication and not appearing.

In order to establish a proper procedure whereby the plaintiff may avoid having a personal judgment entered against him upon a mortgage barred by the Statute of Limitations or bankruptcy, the statute in question was necessary, and it seems clear that when the statute is given this effect it secures to the plaintiff the "benefit" of such defense. If it had been intended to give to the plaintiff the right to have his title cleared of such a lien, in my opinion the language of the statute would have been much different from what it was.

CHRISTIANSON, J. (concurring specially).

I concur in the opinion prepared by Mr. Justice Robinson, for the

reason that the principle upon which the opinion is based has become so firmly established by the decisions of this court that it would constitute judicial legislation of the most radical kind to interfere with the rule as established. In Tracy v. Wheeler, 15 N. D. 248, 6 L.R.A. (N.S.) 516, 107 N. W. 68 (decided April, 1906), this court first held that a real estate mortgage securing a just debt which has not been paid will not be canceled at the suit of the mortgagor or one standing in his shoes, on the ground that the Statute of Limitations has run against the right to enforce it. The doctrine was reaffirmed in Boschker v. Van Beek, 19 N. D. 104, 122 N. W. 338; Keller v. Souther, 26 N. D. 358, L.R.A.1916B, 1218, 144 N. W. 671, and D. S. B. Johnston Land Co. v. Mitchell, 29 N. D. 510, 151 N. W. 23. In Keller v. Souther, 26 N. D. 358, L.R.A.1916B, 1218, 144 N. W. 671, the rule was held applicable, even though the plaintiff was a remote grantee of the mortgaged premises, and neither he nor the mortgagor personally were liable for the payment of the indebtedness, the mortgage having been executed by and to secure the debt of a third person.

It is contended by counsel for the plaintiff that the legislature enacted chapter 3 of the Laws of 1909 (the statute quoted in the opinion prepared by Mr. Justice Robinson) for the purpose of abrogating the rule announced in Tracy v. Wheeler, supra. It is asserted that the statute was not called to the court's attention in any of the subsequent cases wherein the rule announced in Tracy v. Wheeler, was reaffirmed, and is invoked for the first time in this case. The statute in question was adopted by the legislature in 1909. The purpose of the enactment, as declared in the title, was "to Amend § 7527 of the Code of 1905 Relating to Actions to Determine Conflicting Claims to Real Property." The section relates merely to matters of procedure, viz., a reply in a statutory action to determine adverse claims. The rule announced in Tracy v. Wheeler was one of substantive law, and it seems that the legislature cannot be said to have intended to change this rule by enacting a section relating to a matter of procedure in a statutory action to determine adverse claims. The statute relating to such action was enacted for the specific purpose of authorizing that particular form of action. The section under consideration was enacted for the purpose of prescribing certain rules of procedure therein. It should be limited to and applied for the purpose for which it was enacted. Man-

ifestly, there ought not to be and cannot be one rule with respect to the cancelation of an outlawed mortgage in an action to determine adverse claims, and another rule when cancelation of such mortgage is sought in an action of some other nature or character.

BRUCE, Ch. J., concurring.

## On Petition for Rehearing.

PER CURIAM. Plaintiff has filed a petition for rehearing wherein it is contended that the former opinion overlooked and failed to give proper consideration and effect to the statute enacted by the legislature in 1909. This statute is quoted in the opinion prepared by Mr. Justice Robinson. It is argued that as this statute was enacted after the decision was handed down in Tracy v. Wheeler, 15 N. D. 248, 6 L.R.A.(N.S.) 516, 107 N. W. 68, that the legislature intended to abrogate the rule announced in that decision. It is said that "the legislative intent by the amendment was not to adhere to the old rule, but to obliterate it."

It is stated that the legislature amended the statute at the first opportunity after the decision in Tracy v. Wheeler was handed down. This argument is unsound and based upon erroneous premises. The decision in Tracy v. Wheeler was handed down in April, 1906. The next legislative assembly convened in January, 1907, but the statute upon which plaintiff relies was not enacted until 1909. The statute does not purport to have any application in any action except one to determine adverse claims. Its avowed purpose is to prescribe a rule of procedure in such actions. The case of Tracy v. Wheeler was not an action to determine adverse claims. It was an equitable action to cancel a specific mortgage. The complaint described the specific mortgage sought to be canceled with particularity, and gave the book and page of its record in the office of the register of deeds. The prayer for judgment was not "that the defendants be required to set forth their adverse claims, and that the validity, superiority, and priority thereof be determined" (as in actions to determine adverse claims), but the prayer was that the lien or encumbrance claimed by virtue of the specific mortgage described in the complaint be adjudged null and

void, and plaintiff's title quieted as against such claim. The rule announced in Tracy v. Wheeler was not one of procedure, but one of substantive law. And we are entirely satisfied that the members of the legislature did not have any intention in enacting this statute to abrogate and abolish a rule of substantive law.

In order that there may be no misunderstanding of our position with respect to the propositions involved in this case, we deem it proper to say that all the members of the court are agreed that the legislature had no intention of changing the rule announced in Tracy v. Wheeler et al. by the enactment of the statute relied upon by the plaintiff. And the majority of the court are agreed that the rule announced in that decision has become so well established that it ought not to be altered or abrogated by a judicial decision. If the rule is wrong, let the legislature abrogate it. The dissenting member of the court is, however, of the opinion that the rule announced in Tracy v. Wheeler is so fundamentally wrong that that decision and the subsequent decisions following it ought to be overruled.