(95 N. W. Rep. 153.)

---

W. E. MOHER *v.* NEILS RASMUSSON.

Opinion filed May 16, 1903.

**Compliance with Statute Requisite to Lien.**

1. A thresher's lien is purely of statutory creation, and one who would avail himself of it must comply with the requirements of the statute creating it. Courts are not at liberty to extend it by construction to cover cases not provided for in the statute.

**Statement for Lien—Quantity of Grain Threshed Must Be Stated.**

2. Section 4824, Rev. Codes 1899, requires a lien claimant, as a condition prerequisite to perpetuating his lien, to file a statement in the office of the register of deeds showing, among other things, "the amount and quantity of grain threshed." It is *held,* in an action to foreclose an alleged thresher's lien, that the omission of the lien claimant to set forth in the statement filed by him the quantity of grain threshed by him for defendant was fatal to his lien, and that the trial court erred in directing a foreclosure of the same.

Appeal from District Court, Cass County; *Charles A. Pollock,* J.

Action by W. E. Moher against Neïls Rasmusson. Judgment for plaintiff. Defendant appeals.

Modified.

*Barnett & Reese,* for appellant.
*Turner & Lee,* for respondent.

YOUNG, C. J.   The plaintiff instituted this action to recover a balance of $160.44, which he alleges is due to him for threshing defendant's grain in the fall of 1900, and also to foreclose an alleged thresher's lien securing the same. The answer interposed by the defendant placed the allegations of the complaint in issue, and also set up a counterclaim. The trial was to the court, without a jury. Judgment was entered in favor of plaintiff for $121.97 and costs, and for the foreclosure of his lien. Defendant has appealed from the judgment, and demands a review of the entire case in this court.

We have reached the conclusion, after a careful examination of the evidence, that the finding of the trial court in plaintiff's favor that there is an unpaid balance due him of $121.97 is fully sustained by the evidence, and the judgment entered is therefore, to that extent, approved. We do not agree with the trial court, however, in his conclusion that the plaintiff has a thresher's lien. On the contrary, we think the record shows the reverse. A thresher's lien is purely of statutory origin, and one who claims such a lien must bring himself under the terms of the statute authorizing its creation; and in this case we are clear that the statement filed by the plaintiff for the purpose of perpetuating his lien was not such a statement as the statute requires shall be filed. The governing statute is embraced in sections 4823, 4824, Rev. Codes 1899. Section 4823 provides that "any owner or lessee of a threshing machine who threshes grain for another therewith shall, upon filing the statement provided for in the next section, have a lien upon such grain for the value of his services in threshing the same from the date of the commencement of the threshing." Section 4824 provides that "any person entitled to a lien under this chapter shall within thirty days after the threshing is completed, file in the office of the register of deeds of the county in which the grain was grown a statement in writing, verified by oath, showing the amount and quantity of grain threshed, the price agreed upon for threshing the same, the name of the person for whom the threshing was done and a description of the land

upon which the grain was grown.   Unless the person entitled to the lien shall file such statement within the time aforesaid he shall be deemed to have waived his right thereto."   It will be seen that the statement which the lien claimant must file shall show "the amount and quantity of grain threshed," as well as "the price agreed upon for threshing the same, the name of the person for whom the thresh-ing was done and the description of the land upon which the grain was grown."   The verified statement filed by the plaintiff in this case does not show "the amount and quantity of grain threshed."   It mere-ly recites that "affiant threshed for said Neils Rasmusson certain flax," etc., and nowhere does it purport to state the quantity of flax threshed.   It might be one bushel or one thousand, so far as this statement is concerned.   This is not the statement which the statute requires to be filed.   It was only by the filing of the statement re-quired by the statute that the plaintiff could perpetuate his lien.   His failure to comply with the statute in this respect is fatal to his lien. In 1 Jones on Liens, sections 105, 106, it is said that "the character, operation, and extent of the lien must be ascertained by the terms of the statute creating and defining it; and the courts cannot extend the statute to meet cases for which the statute itself does not provide, though these may be of equal merit with those provided for.   * * * A statutory lien can exist only when it has been perfected in the manner prescribed by the statute authorizing it."   In other words, the courts are powerless to create the lien.   It exists only under the statute.   It has been repeatedly held by this court that the statute requiring the filing of this statement is imperative, and that the bene-fits of the statutory lien can be realized only by a compliance with the statute. *Martin* v. *Hawthorne,* 5 N. D. 66, 63 N. W. 895; *Martin* v. *Hawthorne,* 3 N. D. 412, 57 N. W. 87; *Parker* v. *Bank,* 3 N. D. 87, 54 N. W. 313; *Lavin* v. *Bradley,* 1 N. D. 291, 47 N. W. 384.   In the two cases last cited, the failure to insert a description of the land in the lien statement was held fatal, and it was further held that the lien statement could not be reformed by inserting a correct descrip-tion.   As we have seen, the legislature has required the lien claimant to include in the statement filed a statement of the quantity of the grain threshed.   The inclusion of this showing is made a prerequisite to the securing of the statutory lien, as much as the giving of the description of the land upon which the grain was threshed, or the insertion of the name of the person for whom the threshing was done, and the price agreed upon.   Courts are not at liberty to say that any

of these requirements may be omitted by the lien claimant from his statement, and thus give him a lien upon conditions other than those prescribed by the statute under which he claims his lien.

Plaintiff, having failed to file a statement complying with the statute, cannot claim the benefits of the statutory lien, and the court was in error therefore, in finding that the balance due the plaintiff was secured by a lien, and awarding the foreclosure of the same.

The judgment, so far as it awards a recovery for $121.97, is approved, and will be affirmed. That part of the judgment, however, which awards a foreclosure of the alleged thresher's lien, is reversed. Neither party will recover costs upon this appeal.

All concur.