JOHN PHELAN v. EDMUND TERRY and Others.[1]

July 5, 1907.

Nos. 15,195—(117).

**Thresher's Lien—Constitution.**

Section 3546, R. L. 1905, creating and defining a thresher's lien, *held* a valid legislative enactment, and not obnoxious to either the state or the federal constitution.

**Foreclosure of Lien—Replevin.**

The lien claimant, having duly perfected his lien in accordance with the provisions of the statute to enable him to foreclose the same, may maintain claim and delivery to recover the possession of the grain covered thereby against a person wrongfully detaining it from him.

**Same.**

The rules and principles of law applicable to the foreclosure of chattel mortgages apply to proceedings to foreclose a thresher's lien.

**Lien Statement.**

Certain alleged defects in the lien statement in this case considered, and *held* not fatal to its validity.

Action in the district court for Traverse county to recover possession of a quantity of grain. The case was tried before Flaherty, J., who granted a motion to dismiss the action. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*F. W. Murphy*, for appellant.

*Steidl & Houston,* for respondents.

BROWN, J.

Action in claim and delivery, which was dismissed on the trial on the ground that the complaint failed to state facts sufficient to constitute a cause of action. Plaintiff appealed from an order denying a new trial.

The action was commenced to recover the possession of certain grain—wheat, oats, barley and flax—of which plaintiff claimed the right of possession for the purpose of foreclosing a thresher's lien perfected by him under section 3546, R. L. 1905.

[1] Reported in 112 N. W. 872.

The complaint alleges, in substance, that during the time stated therein plaintiff was the owner of a complete threshing outfit, in the operation of which he employed and furnished all necessary men and teams; that between the 29th of September, 1906, and the 3d of October of the same year, at the special instance and request of defendants, he threshed for them the grain in question, which was raised on the East half of section 35, township 126, range 47, in Traverse county. The number of bushels of grain so threshed is stated, and that the work was performed at the agreed compensation of $82.50 per day, that amount covering pay for all help necessary in doing the work, including men and teams, no part of which has ever been paid; that on the 9th day of October, 1906, plaintiff prepared and filed in the office of the town clerk in the town of Walls, said county, the town wherein the plaintiff and defendants reside, and did reside at the time the threshing was done, and the town wherein the threshing was done, a duly verified claim of lien, as provided by section 3547, R. L. 1905, a copy of which is attached to and made a part of the complaint. The complaint further alleges that the lien is still in full force and effect, and that defendants wrongfully and unlawfully detain from plaintiff the grain threshed, and refuse to deliver the same or any part thereof to him, and that possession of the same has been duly demanded. The demand for judgment is that plaintiff have and recover possession of the property, or, if possession cannot be had, $550, the value thereof.

Two of the defendants answered, each answer containing a general denial, and in addition thereto an admission that plaintiff threshed the grain in question; but coupled therewith is a denial that the threshing was done under or pursuant to any contract or agreement with the answering defendants. They each allege that the value of plaintiff's services in threshing the grain was not greater than the sum of $150. It appears from the answer of one of the defendants that defendant Terry, who did not answer, occupied the land as a tenant, raised the crop as such, and that the threshing was done by plaintiff under a contract or agreement with him. When the cause came on for trial, defendants' counsel objected to the admission of any evidence on the ground that the complaint failed to state facts sufficient to constitute a cause of action. The court sustained the objection,

and, on defendants' motion, dismissed the action. These rulings are the only errors assigned on this appeal.

The precise ground upon which the court based its ruling is not made clear by the record. Whether the learned trial judge was of the opinion that an action in claim and delivery could not be maintained in support of a thresher's lien, or whether he considered the statute invalid, or the lien for some reason defective, we are not advised. But an examination of the record leads to the conclusion that the court was in error, whatever may have been the precise ground of its decision. That the complaint sufficiently alleges the facts and states a cause of action, if claim and delivery may be maintained and plaintiff has a valid lien, we have no doubt.

So we turn our attention first to the question whether plaintiff has a valid lien upon the grain. This involves the construction of the statute under which the lien is claimed and the sufficiency of the lien statement. Section 3546, R. L. 1905, provides that any person owning or operating a threshing machine shall have a lien on the grain threshed therewith for the price or value of his labor, and that the lien shall be preferred to all other liens or incumbrances upon the grain threshed, except for seed from which the same was grown. Section 3547 provides for the preservation and enforcement of the lien so given, and requires the lien claimant to file with the town clerk of the town in which the work was done a verified statement of the amount and kinds of grain threshed, the time and place of doing the same, giving the first and last days thereof, the rate per bushel, and the total charge, the amount paid thereon, if any, and the balance claimed to be due. Then follow provisions authorizing a seizure and sale of enough of the grain threshed to satisfy the lien with costs and expenses. Though the statute is not so full and complete as it might have been made, fairly construed it creates and defines a thresher's lien with sufficient definiteness and certainty, and if its various provisions be complied with, and be not unconstitutional, the lien becomes effective and may be enforced through appropriate proceedings. Nothing further need be said with reference to the statute at this time, and we proceed to the specific points made by defendants.

1. It is contended that the lien statement upon which plaintiff relies is defective in several respects. The statement is attached to the com-

plaint, but it is unnecessary to set it out at length in this opinion. It is sufficient to refer to the specific objections urged against it. It is claimed that it is defective and insufficient, in that it fails to name the town wherein the threshing was done. The statute requires this information to be given, and we are of opinion that it is sufficiently set forth in the statement. The statement names the town and county in which, and the description of the land upon which, the crop was grown, from which the inference may be indulged, nothing appearing to the contrary, that it was threshed in the same town. It may be, as suggested by counsel, that grain is often not threshed on the land whereon it is raised; but no violence is done the rules of law by presuming that it is ordinarily threshed, if not upon the farm where raised, at least within the boundaries of the same town. While statutes of this character and proceedings thereunder are strictly construed, still their interpretation should be along practical lines, and with a purpose, if possible, of saving the statute and the proceedings had thereunder from defeat on purely technical grounds.

2. It is also urged that the statement is fatally defective, in that it does not give the rate per bushel the parties agreed plaintiff should receive as compensation for doing the work. Section 3547 requires the statement to contain this information also, and if the threshing in question had been done at so much per bushel its omission would be fatal to the validity of the lien. But the complaint alleges, and the lien statement shows, that the threshing was done upon an express contract by which plaintiff's compensation was fixed at $82.50 per day for the time employed. Giving the statute a reasonable construction, particularly section 3546, which gives a lien upon the grain threshed for the "price or value of such service," it requires no strain, as we view the matter, to hold that operators of threshing machines may acquire a lien thereunder, even though the threshing be not done at an agreed price per bushel. The purpose of the statute in requiring the statement to disclose the agreed price of the work was not to limit the lien to per bushel threshers, but to advise persons interested in the grain of the amount of the claim held against it by the lienholder. Such seems to have been the view of the trial court.

3. It is urged that, if these defects be not fatal to the validity of the asserted lien, the statute providing for the same is unconstitutional

and void, for the reason that it violates section 2 of article 1, and sections 33 and 34, of the state constitution, in that it is class legislation. The point made in this connection is that the statute, properly construed, grants a lien to a person owning and operating a threshing machine for the use of the machine only, and not for the services of men and teams employed in connection with its operation, and that this constitutes class legislation, for the reason that it excludes from the benefits of the statute the men and owners of teams; in other words, that the statute does not operate uniformly between owners of machines who furnish, and those who do not furnish, the necessary men and teams. We find no substantial force in this contention. The purpose of the statute was to protect threshers of grain and to provide them a method of securing their compensation for putting the grain in a marketable condition. It applies uniformly to all persons owning or operating threshing machines, and lack of uniformity is not shown by the fact that one thresher may furnish teams and a crew of men, and another may furnish the machine only. The only difference between the two classes of owners is that the compensation of the person furnishing men and teams would necessarily be greater than that of the one who furnished the machine only. In either case, the owner of the machine is entitled to the compensation agreed upon for the services rendered.

4. It is also contended that the statute violates sections 7 and 11 of article 1 of the state constitution, and section 10 of article 1, and section 1 of the fourteenth amendment to the constitution of the United States, and is consequently null and void. This claim is based upon that part of the statute which declared the lien superior to all other liens or incumbrances, except those given for seed from which the crop was raised. It is claimed that this impairs the obligation of contracts and violates vested rights, in that it is an attempt on the part of the legislature to provide that a subsequently created lien shall be superior to all other liens by way of mortgage, execution, or attachment previously and in good faith acquired; in other words, that a mortgage upon the property executed by the owner thereof prior to the threshing or a prior levy thereon would be cut out by the thresher's lien, and the mortgagee or execution creditor defeated of rights which were vested before the filing of the lien statement.

There is force to this contention; but it is not sound. The statute in no proper view violates either of the constitutional provisions referred to. It is upon the statute books, a part of the law of the state, and all persons dealing with the owners of crops which may be subject to the lien thereby created are charged with notice of its provisions and of the rights that may arise thereunder. If a creditor should cause execution to be levied upon the crops of his debtor, or a chattel mortgage be taken thereon, all rights thus acquired would be subject necessarily to the superior rights granted to the thresher, who by his services puts the crop in a marketable condition. Glass v. Freeberg, 50 Minn. 386, 52 N. W. 900, 16 L. R. A. 335; City v. Geer, 93 Minn. 501, 101 N. W. 963, 106 Am. St. 445; Cogel v. Mickow, 11 Minn. 354 (475); Atkins v. Little, 17 Minn. 320 (342); Wilson v. Donaldson, 121 Cal. 8, 53 Pac. 404, 43 L. R. A. 524, 66 Am. St. 17.

5. It is also contended that, conceding the sufficiency of the lien statement relied upon by plaintiff and the validity of the statute, the complaint does not show that plaintiff is entitled to the possession of the property. This is founded on the claim that the statute providing for the methods by which a lienholder may enforce his lien does not confer a right of possession of the grain.

We are unable to concur in this view of the matter. The complaint alleges facts showing that plaintiff is entitled to enforce his alleged lien against the grain in question, and that defendants have wrongfully and unlawfully detained the same and refused the delivery of any part of it to him. Manifestly he cannot foreclose his lien without first obtaining possession of the grain, and as possession is wrongfully withheld from him he may resort to legal process to obtain it. The statute creating the lien expressly provides that the lienholder may upon the presentation of a certified copy of the lien statement seize and sell so much of the grain covered thereby as may be necessary to satisfy the same, with reasonable costs and expenses of foreclosure. This clearly gives the right of possession to the lienholder, and would authorize a seizure of the grain if it might be taken peaceably, and a foreclosure by selling at public auction in the manner in which chattel mortgages are foreclosed, or other public sales conducted. In fact, the statute provides that the laws of the state relating to the enforcement of chattel mortgages shall govern the enforcement

of thresher's liens. So, for all practicable purposes, plaintiff is in the position of a mortgagee, and the authorities are uniform that, to enable a mortgagee to foreclose his mortgage, he may, after condition broken, recover the possession of the property in claim and delivery. In the case of a thresher's lien, the statute gives the right of possession for the purpose of foreclosure, and the lienholder may maintain an action to recover the same from one who wrongfully withholds it from him.

Order reversed.