CULHANE ADJUSTMENT COMPANY, Appellant, v.
WHORTON, Respondent.

(150 N. W. 770.)

(File No. 3573.   Opinion filed January 22, 1915.)

1. **Judgments—Confession of Judgment—Confession Statement—
Order for Judgment—Purported Judgment Without Order—
Recording of Judgment, Necessity—Sufficiency of Findings.**

In an action upon an alleged judgment by confession, where trial court found that judgment defendant executed and delivered a purported confession of judgment authorizing circuit clerk to enter judgment against him, upon which confession statement the circuit judge endorsed an order reciting the sufficiency of the statement and directing clerk to enter judgment as provided by statute, which purported confession, with such endorsement, was by the clerk filed in his office, but that neither the confession nor the endorsed order was ever recorded in said office, that three days after such confession was executed the clerk filed in his office a purported judgment purporting to be based upon said confession, but such purported judgment was never recorded by the clerk until over twenty years after such confession was executed, when, after attaching the court seal, the purported judgment was recorded in the judgment book; the trial court concluding, as matter of law, that said purported judgment was not at time of commencement of the action a valid judgment, and that the action cannot be maintained; held, that, under Comp. Laws 1887 (Code Civ. Proc., Sec. 786), directing that if the court or judge find such confession statement sufficient it shall endorse thereon an order that judgment be entered by the clerk, whereupon it may be filed in the clerk's office, he to enter in judgment book a judgment, etc., such purported judgment, being filed, was executed without authority, and was a nullity; and that the findings showed an action brought upon an alleged judgment at a time when no such judgment existed, and the findings support the conclusions of law and judgment.

2. **Statutes—Curative Law—Validating Preceding Judgments—Void
Judgment—Purported Judgment After Confession.**

Where a circuit clerk, after execution by judgment defendant of a purported confession statement, upon which the circuit judge endorsed an order reciting sufficiency of the statement

and directing entry of judgment as provided by statute, filed
in his office such purported confession and endorsed order, but
never recorded either confession or order, and the clerk, three
days after execution of the confession, filed a purported
judgment purporting to be based upon such confession, which
purported judgment was not recorded until some twenty years
thereafter, when, after attaching court seal, **it was recorded in**
judgment book, which purported judgment was executed with-
out authority and was void; **held,** that such purported judgment
was not validated by Code Civ. Proc., Sec. 320, purporting to
give the same force and effect to all judgments rendered by the
court and filed in clerk's office, although not recorded in judg-
ment book, together with all actions or proceedings under such
judgments taken or had after filing same, and before a record
thereof, as though such judgments had been duly recorded in
judgment book; that there was no judgment upon which said
statute could act, the court not having rendered a judgment.

Appeal from Circuit Court, Beadle County. Hon ALVA E.
TAYLOR, Judge.

Action by the Culhane Adjustment Company against Richard
D. Whorton, to recover upon an alleged judgment. From a
judgment entered upon findings by the court, plaintiff appeals.
Affirmed.

*M. E. Culhane,* for Appellant.

No appearance on behalf of Respondent.

Under point one of the opinion, Appellant cited: Code Civ.
Proc., Sec. 786; Black on Judgments, Sec. 111, p. 121; Thompson
v. Bickford, 19 Minn. 17 (Gil. 1); State v. MacElrath, (Ore.) 89
Pac. 803; Sprigg v. Stump, 8 Fed. 207; King v. Higgins, 3
Oregon, 406.

WHITING, J. This is an action brought to recover an
amount claimed to be due on a money judgment, plaintiff claiming
as assignee of such alleged judgment. Trial was to the court with-
out a jury. The court made findings of fact, upon which it en-
tered conclusions of law and judgment in favor of defendant.
From such judgment this appeal was taken, and the only ques-
tion for our consideration is the sufficiency of the findings to sup-
port the conclusions of law and judgment.

This action was brought in October, 1911, and tried in May,
1912. The trial court found that, on November 4, 1891, defend-
ant executed and delivered to a certain corporation a purported

confession of judgment authorizing the clerk of the circuit court in and for Beadle county to enter up judgment in due and legal form against him; that on November 6, 1891, the then judge of said circuit court indorsed upon said purported confession of judgment an order reciting that the statement of confession was sufficient, and directing the clerk of said court to enter judgment as provided by statute; that the purported confession of judgment, with such indorsement thereon, was filed in the office of said clerk of court by such clerk, but neither the purported confession nor the said order indorsed thereon were ever recorded in said office; that, on November 7, 1891, the clerk of said court filed in his office a purported judgment purporting to be based upon said purported confession of judgment; that such purported judgment upon confession was never recorded in the office of said clerk until May 10, 1912, when the seal of said court was attached to such purported judgment, and was then, on said date, recorded in a judgment book in said office; that the purported judgment creditor, on October 4, 1911, executed an assignment of such purported judgment to a party who afterwards executed an assignment thereof to plaintiff. The court concluded as a matter of law that:

"The said purported judgment * * * was not at the time of the commencement of this action a valid judgment and that this action cannot be maintained thereon."

Appellant contends that the failure to record a judgment based upon such confession was, at best, but a mere irregularity, not invalidating the judgment as between the parties; that, even if this were not true, section 320, Code Civ. Proc., cures the omission to record a judgment upon such confession.

[1] The paper drawn up by the clerk of circuit court, under date of November 7, 1891, and purporting to be a judgment, was, however, not a judgment. It was a nullity. There was no authority for the making of such a paper. The law then in force (section 5539, Compiled Laws 1887) directed that upon the filing of the confession statement, if the court or judge found such statement sufficient, such court or judge—

"shall indorse thereon an order that judgment be entered by the clerk, whereupon it may be filed in the office of the clerk, who

shall enter in the judgment book a judgment for the amount confessed.  *  *  *"

We thus find a confession statement, an order for judgment, and a paper purporting to be a judgment, but which was in fact executed wholly without authority and was a nullity—a paper which, even if it had been signed by the court itself, would not have amounted to a judgment. Locke v. Hubbard, 9 S. D. 364, 69 N. W. 588.

[2] Section 320, C. C. P., reads:

"All judgments rendered by the court and filed in the office of the clerk of such court, prior to the taking effect of the act from whence this section is taken, being chapter 166 of the Session Laws of 1901, approved February 23d, 1901, although not actually recorded in the judgment book, and all actions or proceedings under and pursuant to such judgments taken or had after filing, and before a record thereof, are hereby declared to have the same force and effect as though such judgments had been duly recorded in the judgment book."

Does this section have the effect of making that a judgment which theretofore was but a nullity? Surely not. Prior to its enactment the court signed that which in form was a judgment, but which in effect amounted to an order for judgment. This section made of such an instrument a judgment. Here the sourt had not rendered a judgment, or executed anything in the form of a judgment. There was nothing for said section to act upon.

We do not express any opinion on the right of the clerk of said circuit court to enter up a judgment upon such confession statement years after the order for same was signed; neither do we express any opinion on the right of the court, upon notice duly given and as against all except innocent purchasers and incumbrancers, to direct the entry of a judgment nunc pro tunc as of the date of the original order for judgment. These are questions not before us, and and authorities bearing thereon are not pertinent to the questions presented under the record. One fact is clear: This action was brought to recover upon an alleged judgment at a time when no such judgment was in existence. This fact supports the conclusion reached by the trial court.

The judgment of the trial court is affirmed.