MRS. E. G. AUTH, Formerly Sophie Lien, Respondent, v. KUROKI ELEVATOR COMPANY, Appellant.

(169 N. W. 80.)

Thresher's lien — claiming and filing — statute — must be complied with — evidence — fails to show compliance.

Sections 6854 and 6855, Compiled Laws 1913, authorize and provide for the making and filing of a thresher's lien. Evidence examined and *held* to contain no proof showing a compliance with the requirements of said sections.

Opinion filed July 19, 1918. Rehearing denied September 25, 1918.

Appeal from the District Court of Bottineau County, North Dakota, Honorable *A. G. Burr*, Judge.

Affirmed.

*W. J. Cooper* (*H. S. Blood*, of counsel), for appellant.

In an action by the owner of grain for the conversion thereof, defendant may plead and prove by way of defense and in mitigation of damages, any lien on the grain which has been paid by defendant, or which is held by defendant. Comp. Laws 1913, § 6721; Force v. Peterson, 17 N. D. 220, 116 N. W. 84.

The payment of such lien is equally beneficial to the owner of the grain. It releases her grain therefrom and satisfies her obligations to that extent, and is a just protection to defendant. Cushing v. Seymour (Minn.) 15 N. W. 249.

"In estimating damages in cases like this, the value of property to a buyer or owner thereof, deprived of its possession, is deemed to be the price at which he might have bought an equivalent thing in the market nearest the place where the property ought to have been put into his possession, and at such time after the breach of duty upon which his right to damages is founded, as would suffice with reasonable diligence for him to make such purchase." Comp. Laws 1913, § 7178; Pichert v. Rugg, 1 N. D. 230, 46 N. W. 446.

There is no merit in the claim that the grain which defendant sold and converted was not plaintiff's grain. Minneapolis Iron Store Co. v. Branum (N. D.) 162 N. W. 543.

*J. J. Weeks*, for respondent.

The payment of liens upon grain and the pleading and proving of such payment, by a defendant in conversion action, and the right to take advantage of such conditions, rest entirely in and with the lien holder. Rev. Codes 1895, §§ 4695, 6721.

The original statute was limited to cases of conversion by lien holders, and its scope cannot be enlarged by the added proviso unless it is clearly apparent that such was the intention of the legislature. It is the natural and appropriate office of a "proviso" to restrain or qualify particular preceding matter. Sutherland, Stat. Constr. § 223; 36 Cyc. 1161 and cases cited.

The damages in such cases are measured by the market price of the grain at the time and place of the demand, or the highest market value

between such time and the time of trial, where diligence appears. Conversion comes into existence only upon a proper demand for and a refusal to deliver the grain or a like quality and quantity of grain. Towne v. Elev. Co. 8 N. D. 200, 77 N. W. 608; Sanford v. Bell, 2 N. D. 6, 48 N. W. 434; First Nat. Bank v. Minn & N. Electric Co. 11 N. D. 280, 91 N. W. 436.

Replevin will not lie for grain received into an elevator in the usual course of its business and mixed with other like grain. Best v. Muir, 8 N. D. 48, 77 N. W. 95.

There was no proof of the execution of the claimed lien; no proof of the bushels threshed; no proof of amount due thereunder; no proof of when threshing was finished; no proof that claimant was a person entitled to such lien; and no identification of grain covered by it. Ibid.; Rev. Codes 1895, § 6721.

Grace, J. This is an appeal from the district court of Bottineau county, North Dakota, Honorable A. G. Burr, Judge.

Facts in the case are as follows:

The respondent is the owner of 320 acres of land located near Kuroki, Bottineau county, North Dakota. In 1915, the land was rented to one Williams. K. Stack was the agent for the respondent. About November 1, 1915, respondent delivered to appellant 69 bushels and 20 pounds of No. 1 wheat to be held in general storage, the value of which was $.87 per bushel at the time. On the 15th day of March, 1916, respondent by her agent, Stack, attempted to sell the grain in question. Appellant refused to pay for the grain or deliver the same or a like quantity, claiming the grain had been sold and the money turned over to the People's State Bank of Westhope, which claimed to hold an assignment of a thresher's lien on the grain. Respondent brought suit in the justice court for the value of the wheat at the time of the demand, and recovered judgment for damages and costs amouting to $91.46. The defendant appealed to the district court, where the verdict was directed in favor of the respondent. A motion for a new trial was made and denied.

The first matter for consideration is: Was there any competent testimony tending to establish the making and filing of a valid and existing thresher's lien? We are clear the record contains no such testimony. It would be necessary to establish, by competent testimony, the facts

required by law to be established to entitle one to claim and file a thresher's lien. It would be necessary, among other facts, to show that there were a certain number of bushels of a certain kind of grain threshed, the price per bushel for threshing, the description of the land upon which such grain was growing, and that the lien which is claimed was filed within a specified time after said threshing was done; and such other facts as are required by the law to be established in such cases before a lien can be claimed or filed. There is no competent testimony to show that such lien was properly executed.

The offers of stipulation back and forth between the counsel relative to the lien being filed and assigned, and the assignment filed and the various matters referred to, fall far short of establishing the actual execution and filing of the lien in accordance with requirements of law relative to thresher's liens; and, further, such offers of stipulation such as they are do not appear to have been agreed to by the respective counsels representing the parties to the action. They really have no probative force and are really incompetent as testimony in this case.

In the cross-examination of Mr. Stack, a witness for respondent, the appellant's counsel asked the witness if Fred Jensen did the threshing on the place that year. Objection that the question was immaterial and not proper cross-examination was sustained by the court, and we think properly so.

If the appellant had competent evidence by which to establish the facts necessary to prove a valid and existing thresher's lien, he could have offered such testimony as direct testimony, and there would have been, in all probability, no objection to the introduction of such testimony. Whether or not there was a thresher's lien was a matter that was put in issue by the pleadings, and it was incumbent upon the defendant to prove, by competent testimony, the right to the execution and existence of such lien; and also the proper filing thereof. This the defendant has not done; he has made no competent proof of the lien or the proper execution and filing thereof.

The court, in its memorandum opinion, states that it knows of its own knowledge that Fred Jensen, the thresher, was not produced in court, and there is no attempt to claim that he was there or any attempt by the defendants to prove the lien by any other witness.

It is clear there was no competent evidence to establish the thresh-

er's lien in question by competent proof, and it is held there is no competent proof of such lien nor of the execution thereof.

In this case, there being no competent evidence of the execution or existence of the thresher's lien, it becomes entirely unnecessary to construe the provisions of § 6721, Compiled Laws 1913.

The court permitted the plaintiff to recover the highest market value of the grain in question from the date of the conversion. The time elapsing between the date of the conversion and the time of making the demand and bringing the action was approximately five months. It can not be said that the plaintiff was not diligent in prosecuting her action. Under § 7168, Compiled Laws 1913, it was proper for the plaintiff to offer testimony of the highest market value of the property at any time between the conversion and the verdict.

We have examined all assignments of error in all the records, and find no reversible error therein.

The order appealed from is affirmed, with costs.

CHRISTIANSON, J. (concurring specially). I concur in an affirmance of the judgment and the order denying a new trial. The defendant admits the delivery to it of the wheat involved in this controversy, and that such wheat belonged to the plaintiff. It also admits that the defendant failed to deliver to the plaintiff upon demand the wheat described in the complaint. But in justification of the failure to make such delivery the defendant avers as an affirmative defense that there was a valid and subsisting thresher's lien on said grain in favor of one J. F. Jensen, amounting to $152, which said lien exceeded the value of the grain, and that the defendant, upon the demand of the holder of the thresher's lien, sold said grain and paid the proceeds thereof to such lien holder. The only evidence adduced by the defendant to establish such lien was the lien itself as filed in the office of the register of deeds. No evidence was adduced to show that the matters recited in the lien claim were in fact true. The lien statement was merely evidence of its own existence and that it had been filed in the register of deeds office. Clearly this lien statement did not establish the matters therein stated, and it was incumbent upon anyone who sought to invoke the lien to establish its actual existence by competent evidence. Inasmuch as there was no evidence tending to establish a thresher's lien, it is unnecessary

to determine whether defendant could plead such lien in mitigation of damages. Under any view of the case, the trial court was right in directing a verdict, and I fail to find any error requiring a new trial.

Opinion filed July 19, 1918.  Rehearing denied September 25, 1918.

*W. J. Cooper* (*H. S. Blood,* of counsel), for appellant.