GEORGE HIAM, Respondent, v. ANDREWS GRAIN COMPANY, (a corporation), Appellant.

(183 N. W. 1016.)

**Agriculture — finding that thresher's lien claimant was owner of threshing machine sustained.**

1. In an action brought by the holder of a thresher's lien for the conversion of certain grain covered by the lien, it is *held* that there is sufficient evidence from which the jury could infer that the lien claimant was the owner or lessee of the threshing machine.

**Appeal and error — although not formally introduced, it will be considered on appeal that instrument has been introduced where case tried on that theory.**

2. Where an action is tried on the theory that an instrument in suit

has been introduced in evidence, it will be so considered on appeal, although, in fact, it was not formally introduced.

**Agriculture — payment to thresher per hour held not to invalidate thresher's lien.**

3. § 6855, C. L. 1913, relating to thresher's liens does not require that such lien shall show that the parties agreed on a certain price per bushel for threshing the grain upon which a lien is claimed; and such lien if otherwise sufficient, is not rendered invalid because it shows that the parties, instead of a certain rate per bushel, agreed that the thresher should be paid so much per hour for the time employed in threshing.

Opinion filed June 27, 1921.

From a judgment of the County Court of Ransom county, *Thomas,* J., defendant appeals.

Affirmed.

*H. A. Libby,* for appellant.

*J. V. Backlund,* for respondent.

CHRISTIANSON, J. This is an action for conversion of certain wheat on which the plaintiff claims a thresher's lien. The case was tried to a jury, and resulted in a verdict in favor of the plaintiff for $233.22. Judgment was entered pursuant to the verdict and the defendant has appealed.

Appellant raises three questions: (1) That there is no proof that the plaintiff was qualified to claim a thresher's lien under § 6854, C. L. 1913, which provides that such a lien may be claimed only by the owner or lessee of a threshing machine; (2) that the lien was never offered in evidence; (3) that the lien statement is deficient in that it does not contain a statement of the price charged for the threshing, within the purview of the statute. We will consider these propositions in the order stated.

The plaintiff testified on his direct examination that his business consisted of farming and threshing; that he operated a threshing machine in the fall of 1920, with which he threshed grain for others; that among those for whom he threshed was one Hakanson, for whom he threshed the grain in controversy; that Hakanson had paid plaintiff part of such threshing bill. In the thresher's lien statement the plaintiff, under oath, said:

"That he is the owner and operator of the threshing machine; that he

contracted with the above-named H. O. Hakanson to do the amount and kind of threshing specified in the above account at the price therein named; that the threshing was actually done according to the contract, and the price charged therefor, was not in excess of the price usually charged for such services; that each quantity of grain specified on the above account was grown on the several tracts of land therein described."

Plaintiff was the first witness called. In the early part of his direct examination he was asked on what date he filed the thresher's lien. Defendant's counsel objected to this question, on the ground that it was not the best evidence, whereupon the court stated that the lien would be the best evidence. No further questions were asked along this line, but at the close of plaintiff's testimony plaintiff's counsel said: "We call the register of deeds for the purpose of proving the thresher's lien." Whereupon defendant's counsel said:

"If you will say that the copy of the lien attached to the complaint is a true and correct copy of the original lien filed in the office of the register of deeds, and that the same was filed on the day and hour thereon set forth, you need not call the register of deeds."

In response thereto plaintiff's counsel made the following statement:

"I, J. V. Barklund, attorney for the plaintiff, hereby state in open court that the copy of the lien which is attached to the summons and complaint in this action is a true and correct copy of the lien now on file in the register of deed's office, which lien was filed on the 27th day of October, 1920, at 8:35 a. m."

These statements appear on pp. 7 and 8 of the transcript of the evidence. The transcript of the evidence covers in all about 40 pages. At no time during the remainder of the trial—i. e., at no time after such statements were made, was the point made, nor was it even intimated, that the lien statement had not in fact been offered and received in evidence. The record indicates that counsel and court all deemed it to have been properly admitted in evidence. Thus, in the motion for a directed verdict made at the close of plaintiff's case, defendant's counsel, among other grounds, specified:

"That there is no definite evidence upon which the jury can determine the actual amount, if any, due *under the lien described in the complaint and offered in evidence.*" Transcript, p. 32.

Under the facts and circumstances established by the record in this case, we believe that appellant's first and second points are without merit.

It is true, plaintiff did not in so many words say that he was the owner or lessee of the threshing machine, but he did say that he was engaged in the business of threshing; that in the fall of 1920 he operated a threshing machine, with which he threshed grain for others; that he made a contract with Hakanson to thresh his grain; that he did thresh it, and that Hakanson paid him in part for such threshing. It appears, therefore, without contradiction, that the plaintiff was engaged in threshing grain for others, with a certain threshing machine then in his possession and under his control, and that he threshed the grain in question with such machine. These facts in our opinion established prima facie that the plaintiff was the owner or lessee of the threshing machine. In absence of evidence to the contrary, it is presumed, "That things which a person possess are owned by him." And "that a person is the owner of property from exercising acts of ownership over it." Subds. 11 and 12, § 7936, C. L. 1913.

See, also, Dahlund v. Lorentzen, 30 N. D. 275, 152 N. W. 684.

As already indicated, a certain colloquy occurred between counsel for the respective parties during the trial of the action with reference to the lien statement. The purpose of the statements then made was to dispense with the necessity of formal proof of the filing of the lien statement. After the statements were made the parties and the court proceeded on the theory that the lien statement was part of the evidence adduced in the case. No question was raised in the trial court that the lien statement was not part of the evidence in the case. The question cannot be raised for the first time on appeal.

"The theory pursued in the trial court as to the admission of or necessity for particular evidence will be adhered to on appeal. Thus, where an action is tried on the theory that an instrument in suit or other document has been introduced in evidence, it will be so considered on appeal, although, in fact, it was not formally introduced." 3 C. J. 734, 735.

The lien statement shows that plaintiff threshed, in all —

"1,900 bushels of wheat, 1,050 bushels of oats, 150 bushels of barley, and 125 bushels of rye, on certain described land in Ransom county in this state; that such threshing consumed 49 hours, at an agreed price of $20 per, hour, making an aggregate charge for such threshing of $980, on which a credit was allowed for cash and labor."

The statute relating to thresher's liens provides:

"Any owner or lessee of a threshing machine who threshes grain for another therewith shall, upon filing the statement provided for in the next section, have a lien upon such grain for the value of his services in threshing the same from the date of the commencement of the threshing." § 6854, C. L. 1913.

"Any person entitled to a lien under this chapter shall, within thirty days after the threshing is completed, file in the office of the register of deeds of the county in which the grain was grown a statement in writing, verified by oath, showing the amount and quantity of grain threshed, the price agreed upon for threshing the same, the name of the person for whom the threshing was done and a description of the land upon which the grain was grown." § 6855, C. L. 1913.

The defendant contends that the lien statement in this case does not show the *price* agreed upon for threshing the grain, within the purview of the statute. The defendant takes the position that the statute contemplates that the price fixed or charged shall be at so much per bushel, and that a thresher's lien does not arise, and none can be claimed, where the compensation is based on any other basis than that of so much per bushel. In other words, it is contended that in this specific case a lien did not arise, and that the lien filed is fatally defective, for the reason that the lien filed does not show that a rate per bushel was agreed upon, but, on the contrary, shows that the compensation fixed was at so much per hour for the time employed. In our opinion this contention is not well founded. It will be noted that the statute does not say that the lien statement must show the rate per bushel. The statute requires that the lien show these things: (1) The amount and quantity of grain threshed; (2) the price agreed upon for threshing the same; (3) the name of the person for whom the threshing was done; and (4) a description of the land upon which the grain was grown. There are obvious reasons for requiring the lien statement to show these things. They furnish not only a statement of the amount of the claim, according to the agreement of the parties, but the facts from which the amount of the claim can be computed, and a description of the specific property upon which the lien is claimed.

The Supreme Court of Minnesota has ruled that a thresher's lien may be claimed where the threshing is done under a contract whereby the thresher's compensation is fixed at so much per day, even where the statute provides that the lien statement shall show the rate per bushel.

See Phelan v. Terry, 101 Minn. 454, 112 N. W. 872, 873. No such question is presented here, however. Our statute contains no such requirement.

It follows from what has been said that the judgment appealed from must be affirmed. It is so ordered.

ROBINSON, C. J., and BIRDZELL and BRONSON, JJ., concur.

GRACE, J. (dissenting). § 6855, C. L. 1913, sets out the requirements of a lien statement where a thresher's lien is claimed. Among other things, the price agreed upon for threshing the grain must be stated, as well as the amount and quantity thereof.

As we construe this statute, the words, "the price agreed upon," refer to a specific price per bushel It is for this reason that the statute requires the amount and quantity of grain threshed to be stated in the claim for a lien. The law contemplates that each bushel of grain is subject to a lien for the agreed price per bushel for threshing it.

Let it be assumed that A., the owner of a half section of land, has thereon 100 acres of wheat, which, when threshed, yields 1,000 bushels, and 100 acres of oats, which, when threshed, yields 2,000 bushels; and that B., a creditor, has a mortgage on the wheat for $500, and C., another creditor, a mortgage on the oats for $300. Let it further be assumed that 10 cents per bushel is the customary charge for threshing wheat, and 6 cents per bushel for threshing oats; and that after the threshing is completed, the oats are destroyed by fire. Query: Could the thresher claim a lien on the wheat for the full amount of the threshing bill, for both wheat and oats? Query: Also, if the threshing, instead of being at the rate of so much per bushel, were for the agreed price of $200 per day, could the thresher claim a lien on the wheat for the entire threshing bill?

We certainly do not think so. When the Legislature passed the above statute, it knew what we all know, that the customary method of charges for threshing grain is at an agreed price per bushel. It is a fact that most all grain is threshed for so much per bushel, and not otherwise. The Legislature had nothing else in mind when it enacted the above statute.

It is not difficult to see that, where, for instance, the charge is $200 per day for threshing, instead of so much per bushel, it is in the interest of the thresher to consume as much time as he can in doing the threshing. The more time he puts in on a given job, the more his pay; and thus it is possible to consume the entire value of the crop.

On the other hand, if threshing by the bushel, even though the crop is poor, and the yield per acre is small, and the charge per bushel is double or three times what it would be in the case of an average yield, nevertheless the thresher will try to thresh enough bushels to make his work profitable to himself. In other words, he is thus urged to thresh as many bushels as he possibly can, and, in accordance with the provisions of the statute, he has a lien on the grain thus threshed; i. e., he has a lien on each bushel of the different kinds of grain.

It appears quite clear to our mind that the majority opinion erroneously interprets the statute above mentioned.