JOHN BRODINA, Appellant, v. FRANK VRANEK, Respondent, and THE BANK OF PARK RIVER, a Corporation, and The First State Bank of Lankin, North Dakota, a Corporation, Respondents.

(196 N. W. 311.)

**Agriculture — threshing lien statement held insufficient.**

> A statement filed by the operator of a threshing machine for the purpose of perfecting a threshing lien, under § 6855, Comp. Laws 1913, which does not recite the amount and quantity of grain threshed, is insufficient, and the filing of the same, though otherwise conforming to the statute, within the statutory time, does not operate to perfect a lien upon the grain threshed.

Opinion filed December 8, 1923.

Agriculture, 2 C. J. § 130 p. 1020 n. 55, 57 New; § 131 p. 1021 n. 60, 62.

Appeal from the District Court of Walsh County, North Dakota, *Kneeshaw, J.*

Affirmed.

*Harold F. King,* for appellant.

"The defendant contends that the lien statement in this case does not show the price agreed upon for threshing the grain, within the purview of the statutes. The defendant takes the position that the statute contemplates that the price fixed or charged shall be at so much *per bushel,* and that a thresher's lien does not arise, and none can be claimed, where the compensation is based on any other basis than that of so much *per bushel.* In other words, it is contended that in this specific case a lien does not arise, and that the lien filed is fatally defective, *for the reason* that the lien filed does not show that a rate *per bushel* was agreed upon, but, on the contrary, shows that the compensation fixed was at so much *per hour* for the time employed. *In our opinion this contention is not well founded.*" Hiam v. Andrews Grain Co. 183 N. W. 1016.

When the legislature has clearly laid down a rule for one class of cases, it is not readily to be supposed that in its choice of words and phrases, or in the enactment of various provisions in the same act, it

Note.—Agricultural liens, see 1 R. C. L. 788.

has prescribed a different rule for another class of cases *within the same reason as the first;* a construction which will *avoid such senseless discriminations* should be adopted where the meaning of the statute as evidenced by its language is debatable." 25 R. C. L. p. 1624.

"Statutes are sometimes extended to cases not within the letter of them, . . . on the principle that *what is within the intention of the makers* of the statute *is within the statute, though not within the letter.*" Brown v. Gates, 15 W. Va. 131.

"A thing which is in the *intention of the makers of the statute,* is as much within the statute as if it were within the letter." Riddick v. Walsh, 15 Mo. 519.

"The purpose of the statute was to protect threshers of grain and to provide them a method of securing their compensation for *putting the grain in a marketable condition.* It applies uniformly to all persons owning or operating machines." Phelan v. Terry, 101 Minn. 454, 112 N. W. 872.

"In arriving at the legislative intent, it is highly proper to consider the *purposes and objects,* sought to be accomplished through the . . . act." Strand v. Larson, 45 N. D. 7, 176 N. W. 736.

"The rules of construction prevent any of the words of this section from defeating the obvious intent of the legislature. In construing a statute, where literal interpretation may lead to absurd results, resort may be had to the principle that the spirit of the law controls the letter." Jensen v. F. W. Woolworth Co. 106 Atl. 808.

*Gray & Myers,* for respondents.

Section 6855 of the Compiled Laws has been repeatedly before our court for interpretation and construction ever since its adoption, as chapter 88 of the Session Laws of 1889 and it has been again and again held that the failure to include in the lien statement the *description of the land* upon which the grain was grown and threshed is fatally defective. Parker v. Bank, 3 N. D. 87; Martin v. Hawthorn, 3 N. D. 413; Anderson v. Alseth (S. D.) 62 N. W. 435; Lavin v. Bradley, 1 N. D. 291; Chaffee v. Endiger, 29 N. D. 527.

This court has also determined that a lien statement failing to show *"the amount and quantity of grain threshed"* is fatally defective and that the trial court erred in directing the foreclosure of such thresher's lien. Moher v. Rasmusson, 12 N. D. 71.

"There are obvious reasons for requiring a lien statement to show these things. They furnish not only a statement of the amount of the claim, according to the agreement of the parties, but the facts from which the amount of the claim can be computed and *a description of the specific property* upon which the lien is claimed." Hiam v. Andrews Grain Co. 183 N. W. 1016.

JOHNSON, J. This is a contest between a claimant under a threshing lien alleged to have been perfected within the provisions of § 6855, Comp. Laws, 1913, and claimants under two separate chattel mortgages. The only question in the case is as to the sufficiency of the lien statement filed by the plaintiff. The case was tried upon stipulated facts and resulted in a judgment for the defendants, the Bank of Park River and the First State Bank of Lankin. The trial court held that the lien statement was insufficient and that the plaintiff, therefore, did not have a threshing lien upon the grain raised upon the premises described in the statement filed and in the chattel mortgages.

The plaintiff is the operator of a threshing machine and, during the season of 1921, threshed grain upon the premises, described in the statement hereinafter mentioned, at the request of the defendant Vranek, the owner thereof. The lien statement was verified and filed within the statutory time.

The statement as filed does not set out "the amount and quantity of grain threshed." The question is whether this omission invalidates the claim of plaintiff to a threshing lien. In all other particulars, the statement appears to conform with the statute.

Section 6855, Comp. Laws, 1913, reads as follows:

"Any person entitled to a lien under this chapter shall, within thirty days after the threshing is completed, file in the office of the register of deeds of the county in which the grain was grown a statement in writing, verified by oath, showing the amount and quantity of grain threshed, the price agreed upon for threshing the same, the name of the person for whom the threshing was done and a description of the land upon which the grain was grown. Unless the person entitled to the lien shall file such statement within the time aforesaid he shall be deemed to have waived his right thereto."

It will be perceived that in order to perfect a threshing lien, it is

required that the statement filed show (a) the amount and quantity of grain threshed; (b) price agreed upon; (c) the name of the person for whom the threshing was done; and (d) a description of the land upon which the grain was grown. It is doubtless true, as contended by the appellant, that the statute is remedial in character and should be liberally construed in order to effectuate its object. Mitchell v. Monarch Elevator Co. 15 N. D. 495, 107 N. W. 1085, 11 Ann. Cas. 1001. On the other hand, this court has held "that the benefits of the statutory lien can be realized only by a compliance with the statute." Moher v. Rasmusson, 12 N. D. 71, 73, 95 N. W. 152. The requirement that the quantity of grain threshed shall be stated is just as imperative as the requirement that the price, the name of the person, or the description of the land be set forth therein. This court is powerless to say that any one of these requirements may be dispensed with. If this court could properly hold that a lien statement which omitted the quantity of grain threshed complied with the statute, it would be equally within our power to hold that one which did not include a description of the land on which the grain was threshed was sufficient. We have no such power. Martin v. Hawthorn, 3 N. D. 413, 57 N. W. 87. The legislature has clearly prescribed what facts shall be set forth in the statement and, we have no power to add to or subtract therefrom. See also Hiam v. Andrews Grain Co. 48 N. D. 250, 183 N. W. 1016.

The judgment of the trial court is affirmed.

BRONSON, Ch. J., and CHRISTIANSON, BIRDZELL, and NUESSLE, JJ., concur.