[File No. 5960.]

H. B. CARLSON, Appellant, v. POWERS ELEVATOR COMPANY, a Corporation, et al.
POWERS ELEVATOR COMPANY, a Corporation, Respondent.

(238 N. W. 548.)

Opinion filed October 17, 1931.

*J. N. McCarter,* for appellant.

*Knauf & Knauf,* for respondent.

CHRISTIANSON, Ch. J. The sole question presented for determination on this appeal is the validity of a certain thresher's lien. The material and undisputed facts are substantially as follows: In the fall of 1929 the plaintiff harvested and threshed certain flax in Kidder county for one Hill at an agreed price of $2.50 per acre. The work was performed with a combine. The flax was hauled and delivered to an elevator of the defendant elevator company at Steele, North Dakota, and it issued its storage tickets therefor. It appears that thereafter the defendant elevator company made application to the district court (Comp. Laws 1913, § 7594) showing that various parties made claim to the grain or storage tickets under liens and otherwise and it asked permission to make deposit of the storage tickets or the avails thereof. The application was granted and deposit was made. However, the proceedings relating to deposit are not material to a determination of the question presented here. It appears that prior to the proceedings so had the plaintiff foreclosed the thresher's lien, and at the foreclosure sale purchased the flax which the defendant elevator company had received for storage as aforesaid. The plaintiff made demand upon the defendant elevator company for such flax and upon such demand being refused instituted this action to recover the alleged value of the flax. The action is one in conversion. It is elementary that in such case the plaintiff must recover on the strength of his own title and not on the weakness of that of his adversary. 28 Cyc. 2048. In short, the plaintiff, in order to prevail, must establish the existence of a valid thresher's lien. If there was no such lien his action must fall. The trial court held that the lien statement was insufficient and that, consequently, the plaintiff had failed to establish a cause of action. The statute under which the plaintiff filed and claims the lien reads as follows:

"Any person entitled to a lien under this chapter shall within twenty days after the threshing is completed, file in the office of the register of deeds of the County of which the grain was grown a statement in writing, verified by oath, showing the kind and quantity of grain threshed, the price agreed upon for threshing the same, either by threshing machines or by combines, either by the acre, the bushel, the hour, or the day; or if no price has been agreed upon then the reasonable value, the name of the person for whom the threshing was done and a description

of the land upon which the grain was grown. Unless the person entitled to the lien shall file such statement within the time aforesaid he shall be deemed to have waived his right thereto." Section 6855, Comp. Laws 1913, as amended by chapter 156, Laws 1929.

A thresher's lien is a creature of the statute, and can be acquired only by a compliance with the statute which gives it life. Lavin v. Bradley, 1 N. D. 291, 47 N. W. 384; Martin v. Hawthorn, 3 N. D. 413, 57 N. W. 87; Auth v. Kuroki Elevator Co. 40 N. D. 533, 169 N. W. 80; Schatz v. Kintyre Farmers Co-op. Elevator Co. 52 N. D. 290, 202 N. W. 855; Brodina v. Vranek, 50 N. D. 420, 196 N. W. 311.

The lien statement filed by the plaintiff in this case wholly fails to set out the "quantity of grain threshed." It describes the land on which the flax was grown and states that Carlson (the plaintiff) cut in all about ninety acres at an agreed price of $2.50 per acre; but there is not even a suggestion as to the amount of flax threshed. This court has specifically ruled that the failure to specify the quantity of grain threshed is fatal to the lien. Moher v. Rasmusson, 12 N. D. 71, 95 N. W. 152; Brodina v. Vranek, 50 N. D. 420, 196 N. W. 311, supra.

Appellant seems to contend, however, that these decisions are not controlling because of certain changes made in the statute subsequent to the rendition of these decisions. We fail to find any merit in this contention. At the time these decisions were rendered the statute provided that a person entitled to a lien should file "a statement in writing, verified by oath, showing the amount and quantity of grain threshed, the price agreed upon for threshing the same, the name of the person for whom the threshing was done and a description of the land upon which the grain was grown." Comp. Laws 1913, § 6855. The portion quoted was amended by the legislative assembly in 1925 to read as follows: "A statement in writing, verified by oath, showing the kind and quantity of grain threshed, the price agreed upon for threshing the same, either by the bushel, the hour, or the day; or if no price has been agreed upon then the reasonable value, the name of the person for whom the threshing was done and a description of the land upon which the grain was grown." Laws 1925, chap. 160, § 2. The provision quoted was again changed by the legislative assembly in 1929 to read as follows: "A statement in writing, verified by oath, showing the kind and quantity of grain threshed, the price agreed upon for

threshing the same, either by threshing machines or by combines, either by the acre, the bushel, the hour or the day; or if no price has been agreed upon then the reasonable value, the name of the person for whom the threshing was done and a description of the land upon which the grain was grown." Laws 1929, chap. 156.

The changes made by the legislative assembly in 1925 and 1929 speak for themselves. The obvious reason for the changes made in 1929 was to make the thresher's lien operative upon grain threshed with a combine as well as upon grain threshed with an ordinary threshing machine. The legislature, however, deemed it necessary that the lien statement should show the kind and quantity of grain threshed in all cases where a lien was claimed. This language was retained without any change. As was said by this court in Hiam v. Andrews Grain Co. 48 N. D. 250–254, 183 N. W. 1016: "The statute requires that the lien show these things: (1) The amount and quantity of grain threshed; (2) the price agreed upon for threshing the same; (3) the name of the person for whom the threshing was done; and (4) a description of the land upon which the grain was grown. There are obvious reasons for requiring the lien statement to show these things. They furnish not only a statement of the amount of the claim, according to the agreement of the parties, but the facts from which the amount of the claim can be computed, and a description of the specific property upon which the lien is claimed."

It will be noted that the legislature, while changing the statute so as to meet new conditions, consistently adhered to the view that every thresher's lien must show these four fundamental facts. The lien statement in question here failed to meet these requirements. It did not contain a recital which the statute said it must contain. There was no way of knowing, from the lien statement, whether the lien was claimed on ten bushels or on a thousand bushels.

A lien claimant must comply substantially with the statute creating the lien. He must file a statement as prescribed by the statute and the courts have no authority to dispense with, or permit him to omit from the statement, any provision the legislature has said must be embodied in the claim for lien. It will be noted that the legislature in amending the statute saw fit to retain certain provisions as regards the con-

·tents of the lien statement. It said that the lien statement in every case, among other things, must show the kind and quantity of grain threshed. It said that a recital to this effect must be contained in the lien statement as well where a thresher's lien is claimed upon grain threshed by a combine as where it is claimed upon grain threshed by an ordinary threshing machine. To sustain the contention of the appellant here and hold that the legislature intended that a lien statement must contain a statement of the quantity of grain threshed only where a lien is claimed upon grain threshed with an ordinary threshing machine but did not intend that it must contain any such statement where a lien is claimed upon grain threshed by a combine would be an exercise of legislative functions under the guise of statutory construction. The legislature intended to make certain changes in the law and it clearly indicated what changes it had in mind. It likewise indicated in the clearest manner that in certain particulars it had no intention to change the former law. It said in the plainest and most specific language that the lien statement must show certain specific facts, in all cases where a lien is claimed. The language employed by the legislature is not susceptible of doubt. It is plain and unambiguous. The lawmakers must be presumed to have meant what they said. "It is not allowable to interpret what has no need of interpretation." 2 Lewis's Sutherland, Stat. Constr. 2d ed. § 367; McKay v. Fair Haven & W. R. Co. 75 Conn. 608, 54 Atl. 923, 924. It is the duty of the court to give effect to the law enacted by the legislature. It may not, under the guise of construction, invade the province of the lawmakers and substitute its judgment for that of the legislature. The trial court was entirely correct in holding the lien to be invalid. The judgment appealed from must be, and it is, affirmed.

BURKE, BIRDZELL, NUESSLE and BURR, JJ., concur.