[File No. 6345.]

MARTIN B. GROTH, Also Known as M. B. Groth, Respondent, v. G. C. NESS and C. G. Ness, Appellant.

(260 N. W. 700.)

Opinion filed May 1, 1935.

*G. J. Clauson* and *Murphy, Toner & Kilgore,* for appellant.

*O'Keefe & Peterson,* for respondent.

BURR, J.   This action involves the validity of an attempted renewal of a lien of judgment.

November 16, 1923, G. C. Ness docketed a judgment in the district court against M. B. Groth and Mamie Groth.   In March 1928 Martin Groth obtained title to the land involved herein.   On October 21, 1933 Ness filed an affidavit of renewal of judgment with the clerk of the district court.   On October 27, 1933, execution was issued and levy made upon the land involved, the sale being had on December 18, 1933. Ness bid in the land and received the certificate of sale.   The sale was confirmed by the district court, and no redemption made.

March, 1934, the plaintiff commenced this action to determine adverse claims to the land involved.   Defendant Ness answered demand-

ing that title be confirmed in him, subject only to plaintiff's right of redemption. The plaintiff replied alleging the invalidity of the renewal of the judgment lien. The trial court found in favor of Groth and Ness appeals.

The defendant claims that because of the confirmation of sale the attack by the plaintiff is collateral. There is no merit in this contention. The validity of the execution sale depends upon the validity of the affidavit of renewal and this was not determined by the court in any proceedings wherein plaintiff was a party, or was bound.

Section 7692 of the Compiled Laws provides that a judgment of the district court, docketed in the county where the land is situated, becomes a lien on real property acquired by the judgment debtor *"for ten years from the time of docketing the same in the county where it was rendered."* The lien of judgment is purely statutory. Breyer v. Gale, 53 N. D. 439, 207 N. W. 46; Isaac v. Swift, 10 Cal. 71, 70 Am. Dec. 698. This lien expires after ten years from the date of its docketing in the county where it was rendered, Lenhart v. Lynn, 50 N. D. 87, 194 N. W. 937; Murphy v. Riecks, 40 Cal. App. 1, 180 P. 15; McGinnis v. Seibert, 37 Okla. 272, 134 P. 396; Ruth v. Wells, 13 S. D. 482, 83 N. W. 568, 79 Am. St. Rep. 902; unless the lien be renewed according to the provisions of §§ 7692 to 7694, Compiled Laws. Liens are created by agreement or by some fixed rule of law, and "it is not. one of the functions of the courts to create them." Frost v. Atwood, 73 Mich. 67, 41 N. W. 96, 16 Am. St. Rep. 560; Paton v. Robinson, 81 Conn. 547, 71 A. 730.

Section 7692 provides also that this lien may be "continued for a further period of ten years from and after the filing and docketing of the affidavit for renewal, . . ." Section 7693 provides: "Any judgment creditor . . . may, at any time within the ninety days next preceding the expiration of the ten-year period—make an affidavit, *entitled as in the original judgment, setting forth the names of the parties, plaintiff and defendant,* . . . *the number of the judgment book in which entered and the page of the entry of the same* . . . and the filing of such affidavit shall operate to renew and revive such judgment . . . for the period of ten years."

The judgment obtained was entitled G. C. Ness, plaintiff v. N. G. Groth *and Mamie Groth.* In the affidavit Ness omitted the name of

Mamie Groth, as one of the judgment debtors and defendants—both in the title and the body—the number of the judgment book in which the judgment was recorded, and the page of the entry of the same.

Plaintiff says that because of these omissions the affidavit is ineffective and the lien has not been renewed.

The renewal of a lien by affidavit is purely a statutory matter, and the procedure must be complied with. This is the general rule with reference to renewal matters of similar character. As shown in Hazard v. Board of Education (N. J. Eq.) 75 A. 237, 240, where a lien is wholly statutory the statutory mode must be pursued in order to obtain it and continue it.

There must be a substantial compliance with the statute. Chaffee v. Edinger, 29 N. D. 537, 151 N. W. 223. See also Lavin v. Bradley, 1 N. D. 291, 296, 47 N. W. 384. The courts are not at liberty to say that any of the statutory requirements to perfect or continue a lien may be omitted. Mohr v. Rasmusson, 12 N. D. 71, 73, 95 N. W. 152; Brodina v. Vranek, 50 N. D. 420, 423, 196 N. W. 311. Where the legislature has clearly prescribed what facts shall be set forth in the statement the courts have no power to add to or subtract therefrom. Brodina v. Vranek, supra.

As said in Interurban Constr. Co. v. Central State Bank, 76 Okla. 281, 184 P. 905, 910: "The rule of construction of lien statutes which create a right and provide a remedy is that in all such cases the requirements of the statutes and conditions prescribed in the statutes are the measure of the right, and the court cannot declare purposeless and useless that which the Legislature has made a condition of the lien." See also Greeley, S. L. & P. R. Co. v. Harris, 12 Colo. 226, 20 P. 764; Tod v. Kentucky Union R. Co. (C. C. A. 6th) 52 F. 241, 248, 18 L.R.A. 305; Norman v. Edington, 115 Tenn. 309, 89 S. W. 744.

In Green v. Green, 237 Pa. 71, 85 A. 71, the court says: "It is not to be questioned that where a plain statutory requirement, upon which rests the right to acquire or continue a lien, has been disregarded, it is in the power of the court to declare void the instrument which has been filed with a view to create the lien, and strike it from the record." The same case holds that it is immaterial whether the attempt was made to acquire a lien or to continue a lien.

Exhibits introduced in evidence show that on April 27, 1927, an or-

der was entered in the district court entitled G. C. Ness v. Mamie Groth and recites that a judgment dated November 17, 1923, and entitled "in an action wherein G. C. Ness was plaintiff and Mamie Groth was defendant" was satisfied of record. Defendant in this case says this is the reason the affidavit of renewal specified M. G. Groth only; that at that time there was no judgment against Mamie Groth.

The judgment entered against M. G. Groth and Mamie Groth is dated the 16th day of November, 1923; in the "order for satisfaction of judgment" entitled G. C. Ness v. Mamie Groth, no reference is made whatever to M. G. Groth—neither in the title nor in the body of the instrument. It is true the amount of this judgment, set forth in the order of satisfaction as of date November 17, 1923, is identical with the amount of the judgment rendered on the *16th* of November, 1923, against M. G. Groth and Mamie Groth. It is quite possible it had reference to the same judgment but it does not so appear on the record. However, while this may be the explanation of why the renewal affidavit did not mention Mamie Groth, it does not dispense with the necessity for describing the judgment sought to be renewed.

The defendant cites Union Nat. Bank v. Ryan, 23 N. D. 482, 137 N. W. 449, Ann. Cas. 1914D, 741, as being somewhat analogous to the contention which he makes. But the Ryan case is not applicable. The issue there was whether the action could be maintained on a judgment after the lapse of ten years, as the statute of limitations (§ 7374 of the Comp. Laws) requires an action upon a judgment to be commenced within ten years. The issue was whether the time the judgment debtor was absent from the state would be deducted or included. No one claimed the lien still existed. The issue at bar is whether there is a lien.

The requirement to set forth the number of the judgment book and the page of entry is not a mere idle ceremony. The necessity for this must be apparent. The *judgment* is the record in the book, not the instrument typewritten and signed by the clerk. Re Weber, 4 N. D. 119, 124, 59 N. W. 523, 28 L.R.A. 621. This typewritten instrument is included in the judgment roll and is denominated the copy of the judgment. See § 7688, Comp. Laws. The judgment as entered in the book is the original judgment. Locke v. Hubbard, 9 S. D. 364, 69

N. W. 588; Culhane Adjustment Co. v. Wharton, 35 S. D. 94, 150 N. W. 770.

Defendant cites Tracy v. Wheeler, 15 N. D. 248, 107 N. W. 68, 6 L.R.A.(N.S.) 516, and Gregory v. Ford, 14 Cal. 139, 73 Am. Dec. 639, urging that as the plaintiff does not claim the judgment is paid, but admits the debt still exists, he must do equity. This first case cited is clearly distinguishable from the case at bar. There the lien sought to be cleared was a mortgage. The lien was in existence. The holder of the mortgage had merely lost his right to enforce it owing to the statute of limitations. An action in equity to cancel a lien of an unpaid mortgage does not lie. Bowman v. Retelieuk, 40 N. D. 134, 168 N. W. 576.

The California case is not in point, being a bill to enjoin and vacate a judgment entered by default on the ground of no service, though the sheriff's return showed service. The court refused an injunction saying plaintiff's remedy was in law, with the court that rendered the judgment. Courts of equity "do not interpose to correct the errors of irregularities of the Law Courts." (14 Cal. p. 143.)

Where the lien has expired a different situation exists. As said in Sheets v. Prosser, 16 N. D. 180, 112 N. W. 72, "Equity will remove a cloud upon the title caused by the record of a mechanic's lien which has become forfeited by the lien claimant's failure to institute foreclosure proceedings upon demand" as required by the statute. The lien was lost by failure to comply with the statutory requirements. Such rule is applicable to the case at bar.

The failure on the part of Ness to have his affidavit for renewal comply with the requirements of the statute is fatal to the continuance of the lien, and with no lien the execution sale was void. The judgment is affirmed.

Burke, Ch. J., and Nuessle, Morris and Christianson, JJ., concur.